## TUXEDO BEACH CLUB CORPORATION and Edmund C. Wideman, III, Plaintiffs,

v.

## CITY FEDERAL SAVINGS BANK, in receivership, Resolution Trust Corporation as Receiver, Defendant.

### Civ. A. No. 89–5225.

United States District Court,
D. New Jersey.

March 14, 1990.

Horn, Kaplan, Goldberg, Gorny & Daniels, P.C. by Mark Soifer, Atlantic City, N.J., for plaintiffs.

Cassidy, Foss & Filippo, by Kathleen A. Sheedy, Redbank, N.J., for defendant.

## OPINION

COHEN, Senior District Judge:

This breach of contract case comes before the court on a motion for a stay by defendant, City Federal Savings Bank, against plaintiffs, Tuxedo Beach Club Corporation and Edmund C. Wideman, III.

Defendant is a financial institution subject to the provisions in the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA). P.L. No. 101–73, 1989 U.S.Code Cong. & Admin.News (103 Stat.) 183. Pursuant to this act the Office of Thrift Supervision of the Federal Deposit Insurance Corporation (FDIC) appointed the Resolution Trust Corporation (RTC) to be the receiver for defendant on or about December 7, 1989.

Plaintiffs had instituted this action against defendant on or about December 5, 1989. Plaintiffs allege that defendant had agreed to fund plaintiffs' land acquisition, development, and construction costs of Las Brisas Condominium project ("project").

This project involved a sixty-eight unit condominium complex. Apparently defendant provided a loan to fund the first portion of the project and agreed to provide further monies in the future. Plaintiffs allege that they relied on defendant's promise and began construction, and that defendant did not provide any further loans, in violation of their agreement. Plaintiffs maintain that the half-built project is vulnerable to weather and other elements which can cause it to deteriorate. At the present, plaintiffs allege that there is no funding available to either finish the project or protect it from the elements, and that the project will suffer irreparable harm from unnecessary delay.

RTC has met with the plaintiffs to "analyze and evaluate" this matter, *Brief In Support of Defendant's Request For a Stay Pursuant to FIRREA* at p. 5. Plaintiffs never filed their claim with the RTC, however the RTC maintains that it has begun to process the claim nonetheless.

Prior to this motion defendant moved for a 90 day stay pursuant to 12 U.S.C. § 1821(d)(12) (1982), as amended by FIRREA. The court denied that motion. Defendant now requests a 180 day stay pursuant to 12 U.S.C. § 1821(d)(5), (6), (7), as amended by FIRREA, or reconsideration of their prior motion.

## DISCUSSION

Defendant maintains that FIRREA requires plaintiffs to process their claims through RTC's administrative channels, before any judicial review is available. FIRREA provides that "before the end of the 180-day period beginning on the date any claim against a depository institution is filed," the receiver "shall allow or disallow the claim." 12 U.S.C. § 1821(d)(5)(A)(i), (1982), as amended by FIRREA. Moreover, RTC may "prescribe regulations regarding the allowance or disallowance of claims." 12 U.S.C. § 1821(d)(4), (1982), as amended by FIRREA. However, subject to a 90-day stay provision, "the filing of a claim with the receiver shall not prejudice any right of the claimant to continue any action which was filed before the appoint-

ment of the receiver." 12 U.S.C. § 1821(d)(5)(F)(ii), (1982), as amended by FIRREA. This seems to clearly give plaintiffs the right to continue their action without interruption. Moreover, if a 180-day stay were required, the 90-day stay provision would be superfluous. There are other provisions, however, which appear to require a 180-day stay.

Section 11(d)(6) provides that "before the end of the 60-day period beginning the earlier of" the end of the 180-day period or the disallowance of a claim, the claimant "may continue an action commenced before the appointment of the receiver." 12 U.S.C. § 1821(d)(6), (1982), as amended by FIRREA. This seems to clearly envision a 180-day stay until the receiver processes the claim. Congress, however, cannot have intended the statute to provide for two clearly contradictory outcomes. Additionally, the statute provides that a court shall not have jurisdiction over a claim except according to subsection 12 U.S.C. § 1821(d). 12 U.S.C. § 1821(d)(12), (1982), as amended by FIRREA. The statute itself does not give a clear indication of whether this court has jurisdiction to proceed with this action prior to the expiration of the 180-day period provided to the receiver for processing claims. Under these circumstances it is appropriate to turn to the legislative history for enlightenment.

The House Report discusses claims determination by receivers for failed institutions. H.R.Rep. No. 101–54(I). 101st Cong., 1st Sess., *reprinted in* 1989 U.S. Code Cong. & Admins.News 86, 214. The House clearly states that only "[a]fter exhaustion of streamlined administrative procedures, a claimant has a choice to ... bring the claim de novo in the District Court." *Id.* at 214. "Resort to either the District Courts or administrative process is available only after the claimant has first presented its claim to the FDIC." *Id.* at 214. "[E]xhaustion is a proper prerequisite to further action by a claimant...." *Id.* at 215. Additionally, "[t]here shall be no judicial review of the administrative determination not to allow a claim. Rather, the claimant must ... *continue a previously*

*filed suit* to establish a disallowed claim." *Id.* at 215 (emphasis added). Moreover, the overriding purpose for establishing these administrative procedures is to "enable[ ] the FDIC to dispose of the bulk of claims against failed financial institutions expeditiously and fairly." *Id.* at 215. Congress has determined that these administrative procedures are the most efficient way to resolve the hundreds of claims with which a receiver might be confronted. Therefore, since the receiver was appointed only a few days before the action was instituted[1], and despite the various provisions in FIRREA which are difficult to reconcile, we find that Congress intended to provide for a 180–day stay in this instance. The stay will be applied retroactively from December 7, 1989.

For the aforementioned reasons defendant's motion shall be granted. An appropriate order shall follow.

---

**1.** An action which is further along in the judicial process would involve different considerations.