**REXAM LIMITED PARTNERSHIP, S.E. and Rexam Corporation, Plaintiffs,**

v.

**RESOLUTION TRUST CORP., as Receiver for Caguas Central Federal Savings Bank, Defendant.**

**Civ. No. 90–2087 (JP).**

United States District Court, D. Puerto Rico.

Nov. 21, 1990.

Russell A. Del Toro, Romero Barceló, Del Toro & Santana, Hato Rey, P.R., for plaintiffs.

Gustavo A. Gelpí, Feldstein, Gelpí, Hernández & Gotay, San Juan, P.R., for defendant.

## ORDER

PIERAS, District Judge.

The Court has before it Defendant's Motion to Compel Exhaustion of Administrative Remedies Prior to Continuation of Proceedings. At issue is whether the opportunity to arbitrate which is provided by the Financial Institution Reform, Recovery and Enforcement Act of 1989 (FIRREA) is mandatory or optional. Because the "various provisions in FIRREA are difficult to reconcile" *Tuxedo Beach Club Corp. v. City Federal Sav. Bank,* 737 F.Supp. 18, 20 (D.N.J.1990) the legislative history which explains the statute must be given due consideration. The statute which sets up the regulatory system for the Resolution Trust Corporation (RTC), provides that

> Before the end of the 60–day period beginning on the earlier of—
>
>> (1) the end of the 60–day period described in paragraph (5)(a)(i) with respect to any claim against a depository institution for which the Corporation is receiver; or
>>
>> (ii) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(i), the claimant may request administrative review of the claim in accordance with subparagraph (A) or (B) of paragraph (7) or file suit on such claim (or continue an action commenced before the appointment of

the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim). 12 U.S.C. § 1821(d)(6)(A).

H.R. No. 101–54(I), 101st Cong., 1st Sess., *reprinted in* 1989 U.S.Code Cong. & Admin.News 86, 214, clearly explains that the aforementioned section of the statute intends that after an exhaustion of administrative procedures, a claimant has the choice to then request administrative review by the RTC, or bring the claim de novo in District Court, or to continue an action which commenced before the receiver was appointed. "Resort to either the District Courts or administrative process is available only after the claimant has first presented its claim to the FDIC [Federal Deposit Insurance Corp]." *Id.* "There shall be no judicial review of the administrative determination not to allow a claim. Rather, the claimant must file suit or continue a previously filed suit to establish a disallowed claim." *Id.* at 215. As the legislative history is clear, and the purpose of FIRREA is to enable the FDIC/RTC to dispose of the bulk of claims expeditiously and consistently, we must conclude that the statutory reference to administrative procedures is a requirement for the exhaustion of administrative remedies before this Court can exercise subject matter jurisdiction. *Central W. Rental Co. v. Horizon Leasing,* 740 F.Supp. 1109, 1111 (E.D.Pa. 1990); *Circle Industries, Division of Nastasi–White, Inc. v. City Federal Savings Bank et al.,* 749 F.Supp. 447 (E.D.N.Y. 1990). Any other conclusion would defeat Congress' intent to have the FDIC/RTC develop administrative procedures as "the most efficient way to resolve the hundreds of claims with which a receiver might be confronted." *Tuxedo Beach Club Corp. v. City Federal Sav. Bank,* 737 F.Supp. 18, 20 (1990). In the instant case, the complaint was filed in this Court by the plaintiff on August 14, 1990. RTC was appointed receiver for Caguas Central on August 30, 1990. Therefore, the plaintiffs may continue with this action if they so choose, after the exhaustion of the RTC's administrative remedies. "The filing of a claim with the receiver shall not prejudice any right of the claimant to continue any action which was filed before the appointment of the receiver." 12 U.S.C. § 1821(d)(5)(F)(ii).

The plaintiffs' concern for urgency in this case, is addressed by the statute as well. 12 U.S.C. § 1821(d)(8) provides for the expedited determination of claims in the administrative process when a party alleges that "irreparable injury will occur if the routine claims procedure is followed." The plaintiffs' alternative contention that contract actions are not part of the "claims" which are subject to the exhaustion requirement, is not consistent with legal authority. *Circle Industries, Division of Nastasi–White, Inc. v. City Federal Savings Bank et al.,* 749 F.Supp. 447, held that the court had no jurisdiction over a breach of contract claim, because the plaintiffs had not exhausted all FIRREA administrative remedies.

Wherefore, in view of the foregoing, defendant's Motion to Compel Exhaustion of Administrative Remedies Prior to Continuation of Proceedings is hereby GRANTED and this case is STAYED pending the administrative proceedings.

IT IS SO ORDERED.