**BANK OF NEW ENGLAND, N.A.**

**v.**

**Michael F. CALLAHAN, et al.**

**Civ. No. 91–62–D.**

United States District Court,
D. New Hampshire.

March 13, 1991.

Jonathan S. Springer, Portsmouth, N.H., for plaintiff.

William H. Barry III, Nashua, N.H., for defendants.

## ORDER

DEVINE, Chief Judge.

In this civil action, plaintiff Bank of New England, N.A. ("BNE"), seeks injunctive and monetary relief for the alleged default of defendants Callahan and Kopka on two promissory notes.

Presently before the court are: (1) a Motion to Substitute, pursuant to Rule 25(c), Fed.R.Civ.P., filed by New Bank of New England, N.A. ("New BNE"), and the Federal Deposit Insurance Corporation as Receiver for BNE in liquidation ("FDIC as Receiver"); and (2) FDIC as Receiver's Motion for Stay of Proceedings regarding

1. As of March 7, 1991, defendant had filed no response to these motions. Because the motions before the court involve its subject matter

all counterclaims until defendants have completed the claims process set forth in 12 U.S.C. § 1821(d)(3)(5). For the foregoing reasons, the court grants the motion to substitute and stays *all* proceedings pending completion of the claims process.[1]

### Background

This action was originally filed in Hillsborough County (New Hampshire) Superior Court in August 1990. On January 6, 1991, the Comptroller of the Currency of the United States determined that BNE was insolvent and that FDIC should be appointed receiver of BNE.

Also on January 6, 1991, FDIC, pursuant to 12 U.S.C. § 1821(n), established New BNE as a "bridge bank". New BNE then purchased certain assets, including the main claim in this action, from FDIC as Receiver. New BNE did not purchase any of BNE's liabilities, which include the instant counterclaim; these were retained by FDIC as Receiver. On February 5, 1991, FDIC as Receiver removed this action to federal court pursuant to 12 U.S.C. § 1819(b)(2)(A), (B).

### Discussion

1. Substitution

Rule 25(c), Fed.R.Civ.P., provides:

(c) **Transfer of Interest.** In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of this rule.

In this action, FDIC as Receiver succeeded to all assets and liabilities of BNE when appointed by the Comptroller of the Currency. New BNE purchased some assets and none of the liabilities, which remain with FDIC as Receiver. Accordingly, the court hereby grants the Motion to Substitute filed by New BNE and FDIC as Re-

jurisdiction, the court will fully explore the matter.

ceiver. New BNE shall be substituted for BNE as plaintiff, and FDIC as ·Receiver shall be substituted for BNE as counterclaim defendant.

## 2. Stay of Proceedings

■ FDIC as Receiver asks the court to stay the counterclaim pending the counterclaim plaintiff's compliance with 12 U.S.C. § 1821(d). Until such compliance, FDIC argues, this court has no subject matter jurisdiction over the counterclaim.

The Financial Institution Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), Pub.L. 101–73, created a comprehensive system for handling claims against failed financial institutions. Under 12 U.S.C. § 1821(d)(3), FDIC as Receiver must give notice setting forth a date after which claims against it are barred. The bar date must not be less than 90 days after the first date notice is published.

Section 1821(d)(5)(A) gives FDIC as Receiver 180 days from the date the claim is filed to allow the claim, § 1821(d)(5)(B), or disallow it, § 1821(d)(5)(D). If the claim is disallowed, the claimant may either seek administrative review or file suit in a district court or continue an action commenced before the appointment of a receiver. 12 U.S.C. § 1821(d)(6)(A). The judicial proceeding is a *de novo* determination of the claim, not a review of the administrative disallowance of the claim. 12 U.S.C. § 1821(d)(5)(E). Also in reference to district court jurisdiction, 12 U.S.C. § 1821(d)(13)(D) provides:

**Limitation on judicial review.**

Except as otherwise provided in this subsection, no court shall have jurisdiction over—

(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed· receiver, including assets which the Corporation may acquire from itself as such receiver; or

(ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

FDIC as Receiver argues that the provisions of 12 U.S.C. § 1821(d) combine to mandate a stay of judicial proceedings unless and until the claimant has completed the administrative claims process. Although Congress enacted FIRREA as "the most efficient way to resolve the hundreds of claims· with which a receiver might be confronted," *Tuxedo Beach Club Corp. v. City Fed. Savings Bank,* 737 F.Supp. 18, 19 (D.N.J.1990), section 1821(d) contains "various provisions which are difficult to reconcile." *Id.* at 20; *Rexam Limited Partnership, S.E. v. Resolution Trust Co.,* 754 F.Supp. 245 (D.P.R.1990). Judge Cohen's analysis in *Tuxedo Beach* addressed the conflicting provisions:

[s]ubject to a 90–day stay provision, "the filing of a claim with the receiver shall not prejudice any right of the claimant to continue any action which was filed before the appointment of the receiver." 12 U.S.C. § 1821(d)(5)(F)(ii), as amended by FIRREA. This seems to clearly give plaintiffs the right to continue their action without interruption. Moreover, if a 180–day stay were required, the 90–day stay provision would be superfluous. There are other provisions, however, which appear to require a 180–day stay.

Section 11(d)(6) provides that "before the end of the 60–day waiting period beginning the earlier of" the day of the 180–day period or the disallowance of a claim, the claimant "may continue an action commenced before the appointment of the receiver." 12 U.S.C. § 1821(d)(6), (1982), as amended by FIRREA. This seems to clearly envision a 180–day stay until the receiver processes the claim. Congress, however, cannot have intended the statute to provide for two clearly contradictory outcomes. Additionally, the statute provides that a court shall not have jurisdiction over a claim except according to subsection 12 U.S.C. § 1821(d). 12 U.S.C. § 1821(d)(12), (1982), as amended by FIRREA. The statute itself does not give a clear indication of whether this court has jurisdiction to proceed with this action prior to the

expiration of the 180–day period provided to the receiver for processing claims. *Id.* at 19.

Judge Cohen went on to review the legislative history of FIRREA, noting that the House Report "clearly states that only '[a]fter exhaustion of streamlined administrative procedures a claimant has a choice to bring the claim *de novo* in the District Court.'" *Id.* at 19 (quoting H.R.Rep. No. 101–54(I), 101st Cong., 1st Sess., *reprinted in* 1989 U.S.Code Cong. & Admin.News 86, 214). Moreover, "resort to either the District Courts or administrative process is available only after claimant has first presented its claim to the FDIC." *Id.*

Based on the legislative intent, and the fact that the receiver was appointed only a "few days" before the court action in *Tuxedo Beach* was instituted, Judge Cohen granted the stay pending the administrative proceedings.

What Judge Cohen did not do, however, was hold that *all* suits filed before appointment of the receiver must be re-routed through the administrative process. *See, e.g., Tuxedo Beach* at note 1 ("An action which is further along in the judicial process would involve different considerations."); *see also id.* at 20 ("we find that Congress intended to provide for a 180–day stay *in this instance*" (emphasis added)).

This court finds Judge Cohen's qualifications of his decision significant. It is beyond question that a suit filed against the receiver after its appointment is subject to the administrative mandates of section 1821(d), *see, e.g., Circle Indus., Div. of Nastasi–White, Inc. v. City Fed. Savings Bank,* 749 F.Supp. 447 (E.D.N.Y.1990). However, it is also apparent that a claimant may face substantial prejudice if forced to suspend for up to six months a lengthy judicial pursuit of a claim against a solvent financial institution and initiate a separate administrative proceeding in a different forum after a receiver is appointed. Moreover, such a result could contradict FIRREA's goal of efficient claims resolution.

In the case at bar, the record indicates that no judicial action had been taken prior to removal. The instant motions are the first filed with this court. Accordingly, the court finds that, in light of the facts of this case, requiring completion of the administrative process contained in section 1821(d) is appropriate. This action, therefore, is stayed for the period during which the counterclaim plaintiff proceeds administratively.

Plaintiff New BNE proposes to allow its claim to proceed while the defendants' counterclaims are stayed. While not prohibited by section 1821, such a process would be unwise in this case given that the parties' claims arise out of a common nucleus of facts, since it would inevitably result in duplicative discovery and possible piecemeal claims resolution. Accordingly, the court stays all proceedings in this case until the defendant/crossclaimant has exhausted the administrative process.

SO ORDERED.