## In re GENERAL DEVELOPMENT, CORPORATION, et al., Debtors.

## GENERAL DEVELOPMENT CORPORATION, Plaintiff,

v.

## FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Southeast Bank, N.A., Defendant.

Bankruptcy No. 90–12231–BKC–AJC.

Adv. No. 91–0697–BKC–AJC–A.

United States Bankruptcy Court, S.D. Florida.

Nov. 4, 1991.

---

See also, 124 B.R. 376, 135 B.R. 1002, 135 B.R. 1008, 135 B.R. 1020.

Mark D. Bloom, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, Fla., for General Development Corp.

Brian K. Goodkind, Adorno & Zeder, P.A., Miami, Fla., for Federal Deposit Ins. Corp., as Receiver for Southeast Bank, N.A.

Michael G. Williamson, Maguire, Voorhis & Wells, P.A., Orlando, Fla., for Official Creditors' Committee.

Scott L. Baena, Miami, Fla., for Southeast Bank.

## MEMORANDUM OPINION AND ORDER SUBSTITUTING PARTY DEFENDANT AND IMPOSING 90–DAY STAY OF PROCEEDINGS

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came before the Court for Pretrial Conference on Wednesday, October 23, 1991 at 2:30 p.m., and for hearing on the Plaintiff's Motion to Compel Production of Documents. At the hearing, counsel appeared on behalf of the FEDERAL DEPOSIT INSURANCE CORPORATION (the "FDIC"), as receiver for Defendant, SOUTHEAST BANK, N.A., and filed a Motion for Substitution as Real Party in Interest and for Amendment of Caption, and a Motion for 180–Day Stay of Adversary Proceeding and Memorandum in Support thereof. The Court, having read and considered the Motions and Memorandum, heard argument of counsel for the parties and otherwise been duly advised in the premises, finds and determines that cause exists to grant the Motion for Substitution, without objection from the Plaintiff and further makes the following Findings of Fact and Conclusions of Law with respect to the Motion for 180–Day Stay.

The original defendant in this adversary proceeding was SOUTHEAST BANK, N.A. (the "Bank"). On September 19, 1991, the FDIC was appointed as receiver for the Bank pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"). The FDIC requests a stay of all proceedings in this adversary proceeding for a period of 180 days from the date of its appointment. Plaintiff, on the other hand, contends that any such stay should be limited to 90 days from the date of that appointment. The FDIC's Motion requires the Court to construe and interpret various provisions of 12 U.S.C. § 1821, and case law derived therefrom.

In support of the 180–day stay, the FDIC contends that this Court does not have jurisdiction over this adversary proceeding until the Plaintiff has exhausted the administrative claims procedure set forth in 12 U.S.C. § 1821(d). The FDIC argues that pursuant to 12 U.S.C. § 1821(d)(5)(A)(i), it has 180 days from the time such a claim is filed to decide whether to allow or disallow the claim. If the FDIC disallows the claim, or fails to render a decision within the 180–day period, a claimant has 60 days to either (1) request an administrative review of the claim or (2) seek judicial review of the claim in the appropriate district court. 12 U.S.C. § 1812(d)(6)(A). If a claimant fails to seek administrative review or file suit on such claim before the end of the 60–day period, the claim is deemed disallowed and the disallowance is final. *Id.*

In response to the FDIC's analysis of the claims process, the Plaintiff contends that 12 U.S.C. § 1821(d) sets up dual procedures for determining whether to allow or disallow a claim, and that the procedure described by the FDIC is appropriate only when a claimant has not commenced an action against a failed bank before the appointment of a receiver. Plaintiff further argues that if an action was commenced against the bank before the FDIC was appointed receiver, the FDIC is only entitled to a 90–day stay of the proceeding.

The Court would first note that the administrative procedure which involves 180 days to allow or disallow the claim is expressly without prejudice to other pending actions:

> Subject to paragraph (12), the filing of a claim with the receiver shall not prejudice any right of the claimant *to continue any action with was filed before the appointment of the receiver.*

12 U.S.C. § 1821(d)(5)(F)(ii). (Emphasis added). Paragraph (12), as referred to above, unambiguously provides:

> After the appointment of a ... receiver for an insured depository institution, the ... receiver may request a stay for a period *not to exceed—* ...
>
> (ii) *90 days,* in the case of any receiver, in any judicial action or proceeding to

which such institution is or becomes a party.

12 U.S.C. § 1821(d)(12)(A)(ii). (Emphasis added).

The starting point of any statutory construction is the language of the statute itself. *See Donovan v. Southern California Gas Co.,* 715 F.2d 1405, 1407 (9th Cir.1983). The statute should be read so as to give plain meaning to every provision and phrase. *See Lang v. Graham (In re Borba),* 736 F.2d 1317, 1320 (9th Cir. 1984). Courts must avoid interpreting a statute in a way that renders any part of the statute superfluous, erroneous or fails to give effect to the words chosen by Congress. *See Beisler v. C.I.R.,* 814 F.2d 1304, 1307 (9th Cir.1987).

The Court finds persuasive the plain language of 12 U.S.C. § 1821(d)(12)(A)(ii), that the FDIC as receiver "may request a stay for period *not to exceed ... 90 days,*" and accordingly will stay this adversary proceeding for a period of 90 days from the filing of the Motion on October 23, 1991. In reaching this conclusion, the Court has not overlooked the divergent case law in this area, but has carefully considered those authorities and finds the better reasoned decisions to support this result.

The FDIC cites four cases in support of the 180–day stay: *Tuxedo Beach Club Corp. v. City Federal Savings Bank,* 737 F.Supp. 18 (D.N.J.1990); *Int'l Fidelity Ins. Co. v. Yorkville Federal Savings and Loan Assn.,* 1990 WL 165720 1990 U.S.Dist. LEXIS 14046 (S.D.N.Y. October 23, 1990); *Gumowitz v. First Federal Savings and Loan Assn. of Roanoke,* 1991 WL 84630 1991 U.S.Dist. LEXIS 6670 (S.D.N.Y. May 17, 1991); and *In re Federal Deposit Ins. Corp., as Receiver of Bank of New England, N.A.,* 762 F.Supp. 1002 (D.Mass.1991) (*"BNE"*).

In *Tuxedo Beach,* the claimant filed a lawsuit against a failed bank two days prior to the appointment of the RTC as receiver. The RTC sought an 180–day stay pursuant to 12 U.S.C. §§ 1821(d)(5), (6) and (7). After analyzing a few of the provisions of FIRREA, Senior District Judge

Cohen determined that "the statute itself does not give a clear indication of whether this court has jurisdiction to proceed with this action prior to the expiration of the 180–day period provided to the receiver for processing claims." *Tuxedo Beach*, 737 F.Supp. at 19. The court then turned to the legislative history and concluded that "since the receiver was appointed only a few days before the action was instituted, and despite the various provisions in FIR-REA which are difficult to reconcile, we find that Congress intended to provide for a 180–day stay *in this instance*." *Id.* at 20. (Emphasis added).

The opinion in *Tuxedo Beach* appears to confuse the facts of the case and avoid certain of the arguments which support only a 90–day stay. After stating initially that the case was commenced two days *prior* to appointment of the receiver, *Id.* at 18, the court based its decision on the contrary notion that "the receiver was appointed only a few days *before* the action was instituted." *Id.* at 20. (Emphasis added). When carefully considered, *Tuxedo Beach* does not support the proposition that the 180–day stay applies where litigation was filed prior to appointment of the receiver.

Even if *Tuxedo Beach* could be construed to hold that the 180–day stay is applicable to cases where the litigation was filed prior to the appointment of a receiver, that decision is expressly limited to the facts of that particular case. First, as noted above, the court held the 180–day stay to apply only "in this instance." *Id.* at 20. Second, the decision expressly recognizes "an action which is further along in the judicial process would involve different considerations." *Id.* at 20 n. 1. The court did not hold that *all* suits filed prior to the appointment of the receiver must be re-routed through the administrative process. *See Bank of New England, N.A. v. Callahan*, 758 F.Supp. 61, 64 (D.N.H.1991), *citing Tuxedo Beach*, 737 F.Supp. at 20 n. 1.

The limited holding of *Tuxedo Beach* simply does not fit the facts of the instant case. This adversary proceeding was com-menced on August 2, 1991, well over a month before the FDIC was appointed receiver for the Bank. Plaintiff propounded initial discovery along with the Complaint. On September 9, 1991, Defendant filed its answer and affirmative defenses, and responded to the request for admissions on September 18, 1991.[1] On September 19, 1991, Plaintiff served a first set of interrogatories and second request for production on the Defendant. On that same date, the FDIC was appointed receiver for the Bank.

Each of the other three cases relied upon by the FDIC followed the ruling in *Tuxedo Beach* which, as noted, was expressly limited to its own facts. As noted by the Third Circuit in *Praxis Properties Inc. v. Colonial Savings Bank, S.L.A.*, 947 F.2d 49 (3d Cir. October 8, 1991), *Tuxedo Beach*, *Gumowitz* and *BNE* based their rulings on 12 U.S.C. § 1821(d)(3)–(8) and (13), without factoring 12 U.S.C. § 1821(d)(12) into their analysis. *Id.* at 40 n. 14. A court can not ignore or overlook the plain language of a statute when analyzing and interpreting the statute.

In rejecting the *Tuxedo Beach* line of cases, this Court elects to adopt the reasoning of *Marc Development, Inc. v. Federal Deposit Ins. Corp.*, 771 F.Supp. 1163 (D.Utah 1991). In that case, the plaintiffs instituted an action in the state court against the Cosmopolitan Bank of Chicago approximately one month prior to the appointment of the FDIC as receiver. The FDIC removed the case to federal court and sought a stay of the proceedings for 180 days, arguing that the court is without subject matter jurisdiction for that period of time. Plaintiffs argued that FIRREA expressly provides the FDIC with a 90–day stay and that FIRREA does not provide any additional implied stay of greater length.

After an exhaustive review and analysis of FIRREA and the case law, including *Tuxedo Beach*, the Utah court concluded "that under FIRREA, lawsuits that predate the appointment of the FDIC as receiver

---

1. Defendant did not respond to the request for production, leading to the motion to compel which was scheduled for hearing at the Pretrial Conference from which this Order arises.

may proceed without interruption subject only to the 90 day stay of § 1821(d)(12)(A)(ii). The limitation on jurisdiction found in 12 U.S.C. § 1821(d)(13)(D) does not imply the existence of a stay of a preexisting lawsuit." *Marc Development,* 771 F.Supp. at 1169.

In its analysis, the court in *Marc Development* found that the crucial fact is whether appointment of the receiver predated the instant lawsuit. *Id.* at 1164 n. 1. The relevant provisions of FIRREA were neither inconsistent nor erroneous. *Id.* at 1165.

> The implied [180–day] stay proposed by FDIC is also inconsistent with the spirit and effect of the stay that is expressly provided in subsection (d). Paragraph (d)(12)(A)(ii) grants the FDIC as receiver a 90 day stay in any judicial action or proceeding. Why would Congress expressly grant only a 90 day stay if Congress intended that proceedings be stayed for 180 days during the FDIC's decision making? ... The purpose of the 90 day stay is concisely expressed in the legislative history. The 90 day stay is intended to provide FDIC with a breathing space to analyze a case into which it is placed as a party upon being appointed as a receiver ... Such a delay is unnecessary and cumulative if the FDIC also has the benefit of an implied stay during its decision-making process which would normally start upon being appointed receiver. To interpret the statute as suggested by FDIC would make the 90 day stay provision essentially superfluous. Finally, and most significantly, FDIC's interpretation contradicts paragraph (d)(5)(F). That paragraph states, 'subject to paragraph (12) [the 90 day stay provision], the filing of a claim with the receiver shall not prejudice any right of the claimant to continue any action which was filed before the appointment of the receiver.' 12 U.S.C. § 1821(d)(5)(F)(ii).

*Id.* at 1167. (Citations omitted). The court further held that a claimant who filed a lawsuit prior to the receivership is entitled to pursue that case in court simultaneously with the administrative claims process. *Id.* at 1168.

Based on the sound reasoning of *Marc Development,* this Court concludes that the FDIC is entitled only to a 90–day stay of this adversary proceeding. In an effort to afford the FDIC the adequate "breathing space" contemplated by FIRREA and serve the interests of justice, the Court will exercise its discretion to invoke that stay effective as of the FDIC's request filed on October 23, 1991. Accordingly, it is

ORDERED AND ADJUDGED that:

1. The Motion for Substitution as Real Party in Interest and for Amendment of Caption be and hereby is GRANTED without objection, and the FDIC is hereby substituted as the Defendant in this case for all purposes, effective upon the entry of this Order and the caption of all future pleadings shall so reflect;

2. The FDIC's Motion for 180–Day Stay of Adversary Proceeding be and hereby is GRANTED IN PART and DENIED IN PART, and this adversary proceeding is STAYED for a period of ninety (90) days, beginning on October 23, 1991;

3. That at the conclusion of the 90–day stay, counsel for the Plaintiff shall file a motion to reschedule the pretrial conference, or advise the Court of any other disposition of this action, and

4. The Court reserves ruling on Plaintiff's Motion to Compel Production of Documents, without prejudice to the rights of either party with respect thereto.

DONE AND ORDERED.