James COSTON, et al., Plaintiffs,

v.

GOLD COAST GRAPHICS, INC., et al., Defendants.

No. 91–2267–CIV.

United States District Court, S.D. Florida.

Jan. 14, 1992.

Karen A. Curran, Coral Gables, Fla., for plaintiffs.

Frank R. Rodriguez, Adorno & Zeder, P.A., Miami, Fla., for FDIC as Receiver.

Thomas R. Spencer, Spencer & Klein, Miami, Fla., for defendants.

## ORDER

MARCUS, District Judge.

THIS CAUSE comes before the Court on Defendant Federal Deposit Insurance Corporation ("FDIC") as Receiver for Southeast Bank, N.A.'s Partial Objection to Magistrate Judge Garber's Report and Recommendation (the "Objection"). Upon the observation that Defendant objects only to language in footnote 8 of the Report, and that Defendant characterizes the language as "merely dicta", Objection at 2, it is hereby

ORDERED THAT the Report and Recommendation's conclusion is adopted and that this action shall be stayed until the earlier of the following: (1) 180 days have elapsed from the date claimants against Southeast in this action filed claims with FDIC; or (2) the FDIC has disallowed these claims.

The parties are directed to notify the Court in writing when it is appropriate to lift the stay.

Additionally, this cause is hereby set for status conference before the undersigned on June 1, 1992 at 9:00 a.m. at the United States Courthouse, 5th Floor, 301 North Miami Avenue, Miami, Florida.

DONE AND ORDERED.

## REPORT AND RECOMMENDATION

BARRY L. GARBER, United States Magistrate Judge.

This cause comes before the Court pursuant to an Order of Reference entered on October 25, 1991 by the Honorable Stanley Marcus, United States District Judge. In

accordance with the Order of Reference, the following Report and Recommendation is hereby submitted on the Motion of the Federal Deposit Insurance Corporation as Receiver for Southeast Bank, N.A. to Dismiss, Without Prejudice, for Lack of Subject Matter Jurisdiction, or in the Alternative for Stay of Action and All Associated Proceedings.

## I. BACKGROUND

Originally filed in state court in early 1991, this action for fraud and breach of fiduciary duty arises from the failure of a business, Gold Coast Graphics, Inc. ("Gold Coast"), and is brought by Gold Coast employees against Gold Coast, its owners, and its lender, Southeast Bank, N.A. ("Southeast"). On September 19, 1991, the Office of the Comptroller of the Currency found Southeast to be insolvent and appointed the FDIC as receiver pursuant to 12 U.S.C. § 1821(c)(2)(A)(ii) (1989).

On the same date, the FDIC entered into a Purchase and Assumption Agreement with First Union National Bank of Florida ("First Union"), whereby First Union assumed certain assets and liabilities of Southeast. The claims asserted against Southeast in this action were not among the liabilities assumed by First Union. The FDIC has consequently retained those asserted liabilities.

As receiver for Southeast, the FDIC has removed this action to federal court and filed a motion to dismiss without prejudice or stay the entire action until claimants have complied with the administrative review process set forth in 12 U.S.C. §§ 1821(d)(3)–(8).[1]

## II. ISSUES PRESENTED

The FDIC's motion presents issues of first impression in this Circuit, and requires the reconciliation of apparently inconsistent provisions of the Financial Insti-

tutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"):[2]

(1) Does FIRREA deprive the Court of subject matter jurisdiction over this action brought against Southeast before the FDIC was appointed as receiver; and
(2) If not, does FIRREA provide for a stay until all claimants against Southeast have complied with FIRREA's administrative review process?

The undersigned finds that the Court is not technically deprived of subject matter jurisdiction in this action but that a stay is required until all claimants against Southeast have complied with FIRREA's administrative review process.

## III. DISMISSAL OR STAY

 Section 1821(d)(13)(D) of FIRREA provides:

**(D) Limitation on judicial review**

Except as otherwise provided in this subsection, no court shall have jurisdiction over—

(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or

(ii) any claim relating to any act or omission of such institution or [the FDIC] as receiver.

The FDIC argues that because § 1821(d)(13)(D) prohibits judicial determination of any claims against an insolvent bank, except as otherwise specifically permitted by § 1821(d), all action on any claims against Southeast (where the FDIC has assumed liability as receiver) must be dismissed or stayed until FIRREA's administrative review process has been completed.[3]

---

**1.** The plaintiffs have not responded to the FDIC's motion to dismiss or stay.

**2.** FIRREA consists of sections scattered throughout Title 12 of the United States Code, but located for present purposes at § 1812 *et seq.*, and specifically § 1812(d).

**3.** FIRREA vests the FDIC, in its capacity as receiver, with the administrative power to initially determine claims against insolvent banks 12 U.S.C. § 1821(d)(3)(A). The FDIC has 180 days from the date a claim is filed with the FDIC to allow or deny the claim. 12 U.S.C. § 1821(d)(5)(A)(i). If the FDIC denies a claim the claimant has 60 days from denial to "request

Although the claims against Southeast clearly constitute claims under § 1821(d)(13)(D), the undersigned is not persuaded that § 1821(d)(13)(D) deprives the Court of subject matter jurisdiction because other FIRREA sections provide for continuing jurisdiction over actions filed before the FDIC's appointment as receiver. Section 1821(d)(5)(F)(ii) states:

> Subject to paragraph (12), the filing of a claim with the receiver shall not prejudice any right of the claimant to continue any action which was filed before the appointment of the receiver.[4]

Courts differ on whether § 1821(d)(5)(F)(ii) permits actions filed before the appointment of a receiver to continue *concurrently* with the administrative review process or whether it merely amplifies § 1821(d)(6)(A), which allows a claimant to "continue an action commenced before the appointment of a receiver" *after* the administrative review process has been completed.[5] *Compare In re FDIC*, 762 F.Supp. 1002, 1005 (D.Mass.1991) (continuation only after administrative review) *with Marc Dev., Inc. v. FDIC*, 771 F.Supp. 1163 (D.Utah 1991) (concurrent pursuit of action and administrative review).

Regardless of how that issue is decided, the use of the term "continue" in *both* § 1821(d)(5)(F)(ii) and § 1821(d)(6)(A) indicates that the Court is not deprived of jurisdiction over the action. Rather, as the *Marc* court reasons:

> The term "continue" implies that a party is proceeding forward in an ongoing case without an interruption in the court's jurisdiction. A claimant could not "continue" an action over which the court has been deprived of subject matter jurisdiction. The claimant would have to "re-file" such a lawsuit because the suit would have been dismissed due to lack of subject matter jurisdiction.

*Marc*, 771 F.Supp. at 1164–65.

Further, the apparent conflict between the deprivation of jurisdiction in § 1821(d)(13)(D), on the one hand, and "continuing" a previously filed action in §§ 1821(d)(5)(F)(ii), 1821(d)(6)(A), and 1821(d)(8)(E)(ii), on the other, can be reconciled by treating § 1821(d)(13)(D) as expressing Congress' intention to insulate FDIC's administrative review process from judicial review *in all cases* until the administrative review process is completed. Section 1821(d)(13)(D)'s effect on *jurisdiction*, however, would depend on whether an action was filed before or after the FDIC's appointment as receiver.

### A. Actions Brought After the FDIC's Appointment

■ If no lawsuit had been filed prior to the FDIC's appointment and the claimant *initially* files a claim with the FDIC, the FDIC is completely insulated from judicial interference with the ongoing administrative review process and no district court can acquire any jurisdiction over the claim. *See, e.g., Circle Indus. v. City Fed. Sav. Bank*, 749 F.Supp. 447, 451 (E.D.N.Y.1990), *aff'd*, 931 F.2d 7 (2d Cir.1991); *Yumukoglu v. Resolution Trust Corp.*, Civ.A. No. 91–0002, 1991 WL 68322 (E.D.La. Apr. 19, 1991). If the FDIC disallows the claim, the claimant is entitled to essentially begin again in the district court, unhindered by the FDIC's disallowance. 12 U.S.C. § 1821(d)(6)(A).

---

administrative review of the claim … or file suit on such claim (or continue an action commenced before the appointment of the receiver)" in the appropriate federal district court. 12 U.S.C. § 1821(d)(6)(A). If the claimant does not pursue one of the options in § 1821(d)(6)(A), the administrative denial of the claim is final. 12 U.S.C. § 1821(d)(6)(B).

**4.** A similar provision for *expedited* administrative review also uses "continue" in reference to actions filed before the FDIC's appointment as Receiver. *See* 12 U.S.C. 1821(d)(8)(E)(ii) ("Sub-

ject to paragraph (12), the filing of a claim with the receiver shall not prejudice any right of the claimant to continue any action which was filed before the appointment of the receiver.").

**5.** Section 1821(d)(6)(A) provides that after the period for filing claims with the FDIC has run or the FDIC has disallowed the claim "the claimant may request administrative review of the claim … or file suit on such claim (or continue an action commenced before the appointment of the receiver)."

### B. *Actions Brought Before the FDIC's Appointment*

■ On the other hand, if the claimant filed a lawsuit *prior to* the FDIC's appointment as receiver, the court does not technically lose jurisdiction and the claimant may fully "continue" its lawsuit after disallowance.[6] 12 U.S.C. § 1821(d)(6)(A). Until that time, however, the court is similarly barred from taking action that interferes with the ongoing administrative review process. 12 U.S.C. § 1821(d)(13)(D).

Both legislative history and precedent support this analysis. Courts directly facing this issue have relied on the discussion of the administrative review process located in House Report No. 54(I), 101st Congress, 1st Session, *reprinted in* 1989 U.S.C.C.A.N. 86. That House Report states:

> *After* exhaustion of streamlined administrative procedures, a claimant has a choice to either bring a claim de novo in the District Court ... or have the claim determination reviewed by one or more administrative processes.... Any suit (or *motion to renew a suit filed prior to the appointment of the receiver*) must be brought by the claimant within 60 days after the denial of the claim. Resort to either the District Courts or administrative [review] process is available *only after the claimant has first presented its claim to the FDIC.*

*Id.* at 214 (emphasis added).

Additionally, the House Report explains that "exhaustion is a proper prerequisite to further action by a claimant," and "[t]here shall be no judicial review of the administrative determination not to allow a claim. Rather, the claimant must ... *continue a previously filed suit* to establish a disallowed claim." *Id.* at 215 (emphasis added). This is because "Congress has determined that these administrative procedures are the most efficient way to resolve the hundreds of claims with which a receiver might

be confronted." *Tuxedo Beach Club Corp. v. City Fed. Sav. Bank,* 737 F.Supp. 18, 20 (D.N.J.1990).

Based on the above-quoted language and the structure of FIRREA, the undersigned concludes that Congress intended to stay actions against an insolvent bank filed prior to the FDIC's appointment as receiver until the claimants have complied with the FDIC's administrative review process. *See Resolution Trust Corp. v. Mustang Partners,* 946 F.2d 103, 106 (10th Cir.1991) (right to continue action brought before FDIC's appointment depends on claimant's completion of administrative review process); *In re FDIC,* 762 F.Supp. at 1005 ("[I]t is clear that Congress manifested an intent to permit a claimant to continue an action on a claim instituted against an insolvent bank before appointment of the FDIC as receiver for that bank only after the claimant has exhausted the administrative claim review procedure."); *Gumowitz v. First Fed. Sav. & Loan Ass'n,* No. 90 Civ. 8083, 1991 WL 84630, at *1 (S.D.N.Y. May 17, 1991) (FIRREA requires a stay of actions filed prior to a bank's insolvency to permit exhaustion of the administrative review process.); *Bank of New England, N.A. v. Callahan,* 758 F.Supp. 61, 64 (D.N.H.1991) (same); *Connecticut Bank & Trust Co. v. CT Partners, Inc.,* 136 F.R.D. 347, 349 (D.Conn.1991) (same); *Rexam Ltd. Partnership, S.E. v. Resolution Trust Corp.,* 754 F.Supp. 245, 246 (D.P.R.1990) (same); *International Fidelity Ins. Co. v. Yorkville Fed. Sav. & Loan Ass'n,* No. 90 Civ. 3767, 1990 WL 165720, at *2 (S.D.N.Y. Oct. 19, 1990) (same); *Tuxedo Beach,* 737 F.Supp. at 19–20 (same).

### C. *Ninety Day Stay*

■ Accordingly, the undersigned rejects the contention that a stay is appropriate for only ninety days from the date the FDIC was appointed receiver. This argument stems from 12 U.S.C.

---

**6.** One court has reasoned that subject matter jurisdiction would be retained because of the "firmly established rule that subject matter jurisdiction is tested as of the time of the filing of the complaint." *Praxis Properties, Inc. v. Colonial Sav. Bank,* 947 F.2d 49, 63 (3d Cir.1991)

(Atkins, J., sitting on panel by designation) (quoting *Rosa v. Resolution Trust Corp.,* 938 F.2d 383, 392 n. 12 (3d Cir.1991)). To the extent that § 1821(d)(13)(D) is applicable to cases arising before the FDIC's appointment, the undersigned agrees with this analysis.

§ 1821(d)(12)(A)(ii), which provides that after appointment as receiver, the FDIC may request a stay of up to ninety days "in any judicial action or proceeding to which such institution is or becomes a party."[7] *See Lazuka v. FDIC,* 931 F.2d 1530, 1538 (11th Cir.1991) (explaining section).

Section 1821(d)(12)(A)'s ninety day mandatory stay provision appears to contradict the argument that FIRREA requires a stay of actions brought before the FDIC's appointment until claimants have completed the administrative review process. At least one court has refused to grant an extended stay on this basis. *See Marc Dev., Inc. v. FDIC,* 771 F.Supp. 1163 (D.Utah 1991).

The undersigned agrees that "various provisions in FIRREA are difficult to reconcile," *Tuxedo Beach,* 737 F.Supp. at 20, but the ninety day stay provision cannot operate to defeat FIRREA's statutory scheme or Congress' belief that "[t]he exhaustion requirements should lead to a large number of claims being resolved without resort to further procedures ... and allow the FDIC to quickly resolve many of the claims against failed financial institutions without unduly burdening the District Courts." *International Fidelity,* 1990 WL 165720 at *2 (quoting H.R.Rep. No. 54(I), 101st Cong., 1st Sess. (1989), *reprinted in* 1989 U.S.C.C.A.N. 86, 214–15).

FIRREA clearly requires that each creditor against a failed institution file a claim with the FDIC. 12 U.S.C. § 1821(d)(3)(B)(i). If the claim is disallowed, the creditor can then file suit or continue a suit already pending. 12 U.S.C. § 1821(d)(6)(A)(ii). The ninety day stay provision does not exempt claimants from the administrative review process. *See* cases cited *supra* section III(B).

Finally, the FDIC has not requested a ninety day stay. Because a ninety day stay must be granted only when the FDIC requests it, it is not appropriate here.[8] 12 U.S.C. § 1821(d)(12)(B).

## IV. CONCLUSION AND RECOMMENDATION

After careful consideration of this matter, and for the reasons set forth above, the undersigned hereby

RECOMMENDS that the Motion of the Federal Deposit Insurance Corporation as Receiver for Southeast Bank, N.A. to Dismiss, Without Prejudice, for Lack of Subject Matter Jurisdiction, or in the Alternative for Stay of Action and All Associated Proceedings be GRANTED IN PART: the entire action should be STAYED until the earlier of the following: (1) 180 days have elapsed from the date plaintiffs in this action filed claims with the FDIC; or (2) the FDIC has disallowed those claims.

The parties have ten (10) days from the date of this Report and Recommendation within which to file written objections, if any, with the Honorable Stanley Marcus, United States District Judge. *See* 28 U.S.C. § 636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger,* 847 F.2d 745, 750 (11th Cir.), *cert. denied,* 488 U.S. 958, 109 S.Ct. 397, 102 L.Ed.2d 386 (1988).

RESPECTFULLY SUBMITTED.

---

**7.** Although not raised by the parties in this action, § 1821(d)(12)(A)(ii) must be considered in determining the appropriate length of the stay.

**8.** Section 1821(d)(12)(A)(ii) can therefore be reconciled with the rest of FIRREA and Congress' intent by deeming an FDIC request for a 90 day stay in this context as an effective disallowance of the claim. This interpretation is consistent with the different purpose of the 90 day stay. *See Praxis Properties, Inc. v. Colonial*

*Sav. Bank,* 947 F.2d 49, 52 (3d Cir.1991) ("[T]he 90–day stay provision was enacted to allow the ... receiver 'breathing room' immediately following its appointment." (quoting *FDIC v. Taylor,* 727 F.Supp. 326, 327–28 (S.D.Tex.1989))). Thus, if the FDIC requests only a 90 day stay, it is essentially informing the claimant that the claim has been disallowed and the FDIC requires time only to orient itself with the lawsuit.