## In re GENERAL DEVELOPMENT CORPORATION, Debtor.

## FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Southeast Bank, N.A., Appellant,

### v.

## GENERAL DEVELOPMENT CORPORATION, Appellee.

### No. 91–2943–CIV.

United States District Court, S.D. Florida.

June 26, 1992.

Mark D. Bloom, Greenberg Traurig Hoffman Lipoff Rosen & Quentel, Miami, Fla., for appellee.

Brian Goodkind, Amber E. Donner, Adorno & Zeder, Miami, Fla., for appellant.

## ORDER REVERSING ORDERS OF BANKRUPTCY COURT

ATKINS, Senior District Judge.

THIS CAUSE comes before the court on the appeals of two Bankruptcy Court orders brought by Federal Deposit Insurance Corporation ("FDIC"). In the orders appealed from, the Bankruptcy Court denied FDIC's motion for an 180–day stay of bankruptcy adversary proceedings brought by General Development Corporation ("GDC") against Southeast Bank, for which FDIC is acting as receiver. FDIC sought the 180–day stay pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA) pending GDC's exhaustion of FDIC's administrative review of GDC's claims. The Bankruptcy Court granted a 90–day stay instead of the 180–day stay sought by FDIC. 135 B.R. 1015.

■ Oral argument of the present appeals was heard earlier today. At that time, the court was informed that FDIC's

review of GDC's claims has resulted in settlement of the claims underlying the adversary proceeding. This settlement does not render the present appeal moot, however, because "[i]t is well-settled that even when the question presented is no longer 'live' and the parties lack a legally cognizable interest in the appeal, a case may continue to decision and remain viable on appeal if the problem presented is capable of repetition yet evading review." *Praxis Properties, Inc. v. Colonial Savings Bank,* 947 F.2d 49, 61 (3d Cir.1991) (quotation omitted). The issue before this court presents such a problem, as the stay provision "was in its duration too short to be fully litigated prior to its cessation or expiration, and ... there [is] a reasonable expectation that the [FDIC will] be subject to the same action again." *Murphy v. Hunt,* 455 U.S. 478, 482, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982).

Upon careful consideration of the entire record and the relevant statutory provisions and caselaw, the court determines that the Bankruptcy Court erred by granting a mere 90-day, rather than a 180-day, stay of the adversary proceedings pending FDIC's administrative review of GDC's claims. In so determining, this court expressly adopts and incorporates into this opinion the well-founded reasoning set forth by the Honorable Magistrate Judge Barry L. Garber in a Report and Recommendation in *Coston v. Gold Coast Graphics,* 782 F.Supp. 1532 (S.D.Fla.1992) (attached), which was adopted by the Honorable Judge Stanley Marcus, *see id.* at 1533; *see also Metro Bank of Dade County v. FDIC,* Case No. 91–2233–Civ–Atkins (S.D.Fla. Feb. 11, 1992) (adopting similar Report and Recommendation). Of the numerous cases relied upon by the parties, Magistrate Judge Garber's Report and Recommendation best reconciles the apparently irreconcilable provisions of FIRREA in a manner consistent with the intent of Congress in enacting the statute.

In light of the foregoing, it is

ORDERED AND ADJUDGED that the Bankruptcy Court's orders denying FDIC's request for a 180-day stay are hereby *reversed.*

DONE AND ORDERED.