615 So.2d 247 (1993)
RESOLUTION TRUST CORPORATION, etc., Appellant,
v.
BEAUCHAMP CONSTRUCTION COMPANY, INC., Appellee.
No. 92-1648.
District Court of Appeal of Florida, Third District.
March 9, 1993.
*248 Mattlin & McClosky and George L. Sigalos, Boca Raton, for appellant.
Welbaum, Zook & Jones and Dea L. Towers, Coral Gables, for appellee.
Before NESBITT, LEVY and GERSTEN, JJ.
PER CURIAM.
Counter-defendant Resolution Trust Corporation (RTC) appeals the trial court's order awarding counter-plaintiff Beauchamp Construction Company (BCC) money damages for work performed on a construction contract. We reverse.
In 1988, Investors of Florida Savings Bank loaned Grove Peacock Plaza, Ltd. $4.5 million for the construction of a commercial facility in Dade County. As partial security for this loan, Grove Peacock gave Investors of Florida a mortgage on the subject property. Thereafter, Grove Peacock entered into a construction contract with BCC, whereby BCC was to be the general contractor on the project.
According to the loan agreement, disbursements were to be made by Investors of Florida periodically as construction progressed, upon submission of written payment requisitions by BCC. Prior to June 1, 1990, thirteen payment requisitions had been submitted by BCC and paid by Investors of Florida by joint check payable to BCC and Grove Peacock.
On June 1, 1990, the bank failed and RTC was appointed receiver. Also on June 1 RTC, in its capacity as receiver of Investors of Florida, entered into a "purchase and assumption" agreement with Investors Federal Savings Bank whereby Investors Federal purchased Investors of Florida's assets and assumed certain of its liabilities. Among the assets Investors Federal purchased was Grove Peacock's mortgage note. RTC was then appointed receiver of Investors Federal.
On June 15, 1990, BCC submitted its fourteenth and final requisition in the amount of $62,221.08. Most of that amount was due for work completed prior to June 1. Approximately $21,000 was for work completed after June 1. On July 1, 1990, Grove Peacock defaulted on its construction loan, and RTC instituted an action to foreclose on its mortgage. BCC was named as a defendant in that suit because of its interest in the subject property. Meanwhile, the money due on BCC's final requisition was never disbursed. As a result, BCC counterclaimed for damages against RTC for RTC's failure to disburse to it the final payment. After a non-jury trial, the trial court awarded BCC $21,000. RTC appealed.
We agree with RTC that the trial court lacked subject matter jurisdiction in the instant action because BCC failed to exhaust the federal administrative procedures established by the Financial Institutions Reform Recovery and Enforcement Act (FIRREA). 12 U.S.C.A. § 1821(d) (West 1989). Under FIRREA there exists a comprehensive administrative procedure for adjudicating claims asserted against a failed depository institution. RTC, as receiver of an insolvent thrift, initiates this process by giving prompt notice to the institution's creditors that they have at least 90 days from initial publication of the notice to present their claims to the RTC. 12 U.S.C.A. § 1821(d)(3). Once a claim has been presented, RTC has 180 days to consider the claim and to notify the claimant whether its claim has been allowed or disallowed. 12 U.S.C.A. § 1821(d)(5)(A). If RTC denies the claim or fails to render a decision within 180 days, the claimant has 60 days to: (1) request an administrative *249 review of the claim; (2) file suit on the claim in district court; or (3) continue a judicial action commenced prior to the appointment of a receiver. 12 U.S.C.A. § 1821(d)(6)(A). The judicial proceeding in the federal district court is a de novo determination of the claim, not a review of the administrative disallowance of the claim. 12 U.S.C.A. § 1821(d)(5)(E); see also Bank of New England, N.A. v. Callahan, 758 F. Supp. 61, 63 (D.N.H. 1991). The above administrative procedure enables the RTC to dispose of the bulk of claims against failed institutions expeditiously and fairly without unduly burdening the judicial process. Circle Indus. v. City Fed. Sav. Bank, 749 F. Supp. 447, 453 (E.D.N.Y. 1990), aff'd, 931 F.2d 7 (2d Cir.1991).
A claimant's ability to circumvent this administrative claims procedure is strictly limited by FIRREA:
Except as otherwise provided in this subsection, no court shall have jurisdiction over 
(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [RTC] has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
(ii) any claim relating to any act or omission of such institution or [RTC] as receiver.
12 U.S.C.A. § 1821(d)(13)(D) (emphasis added). Thus, the RTC is vested with primary jurisdiction, in most circumstances, to determine a claim against a failed financial institution before judicial intervention is permitted. Praxis Properties, Inc. v. Colonial Sav. Bank, S.L.A., 947 F.2d 49, 63 (3d Cir.1991). Moreover, "Congress expressly withdrew jurisdiction from all courts over any claim to a failed bank's assets that are made outside the procedure set forth in section 1821." Federal Deposit Ins. Corp. v. Shain, Schaffer & Rafanello, 944 F.2d 129, 132 (3d Cir.1991) (emphasis added); see also Rosa v. Resolution Trust Corp., 938 F.2d 383, 391 (3d Cir.), cert. denied, ___ U.S. ___, 112 S.Ct. 582, 116 L.Ed.2d 608 (1991). In short, the administrative claims procedure under FIRREA is exclusive. Resolution Trust Corp. v. Elman, 761 F. Supp. 245, 247 (S.D.N.Y.), aff'd, 949 F.2d 624 (2d Cir.1991).
In the instant case, it is true that RTC never gave BCC the requisite notice to present its claim, pursuant to section 1821(d)(3), which would have set the federal administrative claims procedure in motion. However, the federal courts which have been presented with a similar situation have concluded that despite the harsh result, FIRREA dictates that a court may not hear claims against the RTC that have not first been through the administrative claims procedure, even where the RTC has failed to comply with the notice requirements of section 1821(d)(3)(B). Glenborough New Mexico Assoc. v. Resolution Trust Corp., 802 F. Supp. 387, 399-400 (D.N.M. 1992) (on motion to reconsider) (and cases cited therein).
Since BCC did not exhaust the mandatory administrative remedies under the Act, the trial court lacked subject matter jurisdiction over BCC's counterclaim. Accordingly, the order is reversed with directions to dismiss BCC's counterclaim.