LOGAN, Circuit Judge.
Eagle-Picher Industries, Inc. and Fibre-board Corporation appeal from an order denying their motions to stay two diversity suits in which they are defendants. After plaintiffs filed their suits, two other defendants named in both suits, Johns-Man-ville Sales Corp. and Unarco Industries, Inc., filed for reorganization under Chapter 11 of the Bankruptcy Code. Consequently, the suits were automatically stayed as to Johns-Manville and Unarco pursuant to 11 U.S.C. § 362(a). Other nonbankrupt defendants moved the district court for a stay, arguing that the automatic stay provisions should apply to them as well. The district court denied the motions, and defendants Eagle-Picher and Fibreboard appealed. Plaintiffs filed motions asking this Court to dismiss the appeals for lack of appellate jurisdiction. We agreed to consider the jurisdictional issues and the substantive issues at the same time. We now hold that we do not have jurisdiction to consider the appeals. Accord Lynch v. Johns-Manville Sales Corp., 701 F.2d 43 (6th Cir.1983).
Defendants argue that the district court’s order is appealable both as a denial of an injunction under 28 U.S.C. § 1292(a)(1) and as a collateral order under the doctrine announced in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).
An order denying a stay is appealable under 28 U.S.C. § 1292(a)(1) if the action in which the order was made is essentially an action at law and if the stay was sought to permit the prior determination of a related equitable matter, such as a defense or counterclaim. Hart v. Orion Insurance Co., 427 F.2d 528 (10th Cir.1970); Ephraim Freight-ways, Inc. v. Red Ball Motor Freight, Inc., 376 F.2d 40 (10th Cir.), cert. denied, 389 U.S. 829, 88 S.Ct. 92, 19 L.Ed.2d 87 (1967). See also Enelow v. New York Life Insurance Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935). Defendants argue that the district court’s denial of their motion for a stay meets those criteria. We disagree.
Plaintiffs’ suits are actions at law, but defendants did not seek a stay to permit the prior determination of a related equitable matter such as a defense or counterclaim. Even if we acknowledge that Johns-Manville and Unarco’s indispensibility has been properly raised and is an equitable defense, by its act of denying the stay the trial court has already determined that issue. Defendants sought a stay on equitable grounds to defer this action until the resolution of a bankruptcy proceeding involving separate parties. Denial of a stay is not an appealable order under § 1292(a)(1) under those circumstances. See Ephraim, 376 F.2d at 41. See C. Wright, A. Miller, E. Cooper & E. Gressman, Federal Practice and Procedure § 3923 (1977).
Defendants also argue that the denial of a stay is a “collateral order,” appealable under the rule of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964), might be read as supporting application of the Cohen exception if the eventual costs would be less if the appellate court would pass on the issue presented rather than sending the case back with the question unanswered and if delay would impose a hardship on a party. See 379 U.S. at 153, 85 S.Ct. at 311. But we read subsequent Supreme Court cases as taking a restrictive view. Coopers & Lybrand v. Livesay, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), declares that the collateral order “must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment.” 437 U.S. at 468, 98 S.Ct. at (foot *99 note omitted). See also Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981); United States v. MacDonald, 435 U.S. 850, 98 S.Ct. 1647 56 L.Ed.2d 18 (1978) The district court s order does not satisfy the third prong of the test. The order is fully reviewable after final judgment, and the only burden from reversal is a new trial . . . ." Cotner v. Mason, 657 F.2d 1390, 1392 (10th Cir.1981). Thus, this situation does not involve “an asserted right the legal and praetical value of which would be destroyed if it were not vindicated before trial.” United States v. MacDonald, 435 U.S. at 860, 98 S.Ct. at 1552 (footnote omitted). See also Jesko v. United States, 713 F.2d 565, 567-68 (10th Cir.1983).
. . ,, Also, m arguing the merits defendants u. 1, J.J. . j. ., , „ T , stress the effect of the absence of Johns- , TT ,, , „ , , Manville and Unarco on other defendants trial strategy, their ability to conduct effective discovery, and the allocation of fault under Kansas comparative negligence statute. These are all matters that may vary from one case to another. Several Supreme Court decisions have emphasized that if the ... , ,, ... ,. prejudice to the complaining parties can best be assessed only after the relevant facts have been developed in the trial court, this is a good reason to find that the Cohen exception does not apply. See, e.g., Firestone Tire & Rubber Co., 449 U.S. at 377, 101 S.Ct. at 675; and MacDonald, 435 U.S. at 858 98 S Ct at 1551.
... . The appeal is dismissed for lack of jurisdiction.