830 F.2d 193
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel S. HOLEFCA, Beatrice Prior, and Julius B. Binder,
Trustee for Binder's Big Men Stores, Inc. Defined Benefit
Pension Plan, for themselves, for all persons similarly
situated, for all other stockholders of U.S. Mutual
Financial Corporation similarly situated, and for U.S.
Mutual Financial Corporation, Plaintiffs-Appellees,
v.
U.S. MUTUAL FINANCIAL CORPORATION a Michigan Corporation;
John E. Quinlan, Jr.; Patrick D. Quinlan; James B. Quinlan;
Harold McClure Deason; David I. Fand; Richard J. Guziatek;
Valerie T. Pitlock; Edward M. Ranger; Bonnie B. Quinlan;
Paul C. Gracey, James D. Kendall; P. Phillip Matthews; D.
Michael Jehle; John W. Corey; William I. Minoletti & Co.,
P.C., a Michigan corporation; Price Waterhouse & Co., a
co-partnership, Shearson/American Express, Inc., now known
as Shearson Lehman Brothers, Inc.; Gordon E. Areen; Steven
P. Banicki; James E. Brophy; Norman G. Herbert; Joseph E.
Krul; and Arthur J. Powers, jointly and severally,
Defendants-Appellees.
Federal Savings and Loan Ins. Corp. in its corporate
capacity, Intervenor-Appellant.
 No. 87-1244
 United States Court of Appeals, Sixth Circuit.
 October 2, 1987.
 
 ORDER
 Before KEITH, MILBURN and ALAN E. NORRIS, Circuit Judges.
 
 
 1
 Defendants-appellees Harold McClure Deason, David I. Fand, John W. Corey, Norman G. Herbert, Arthur J. Powers, and Price Waterhouse & Co. move to dismiss the appeal of the Federal Savings and Loan Association (FSLIC) for lack of jurisdiction. The FSLIC responded in opposition and defendants-appellees replied.
 
 
 2
 On December 30, 1986, the district court granted the FSLIC's motion to intervene under Fed. R. Civ. P. 24(a)(2) but denied its motion to dismiss and motion to stay proceedings in the underlying action. The FSLIC timely appealed.
 
 
 3
 The issue before the Court is whether the district court's order, insofar as it denied a stay, is appealable under the collateral order exception to the final judgment rule. Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). To qualify as a collateral order, a decision must: 1) conclusively determine the disputed question; 2) resolve an important issue completely separate from the merits of the action; and, 3) be effectively unreviewable on appeal from a final judgment. Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 375 (1981), quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978).
 
 
 4
 Assuming arguendo that the December 30, 1986 order satisfies the first two criteria, examination of the third factor is dispositive of this motion. The FSLIC contends that the order is 'effectively unreviewable' because an insurance fund, to which it claims superior rights as a creditor's representative, will be depleted by the costs of defending certain parties in the litigation below.
 
 
 5
 We do not construe the collateral order exception this broadly. As an intervenor, the FSLIC may appeal from an adverse final judgment, Stringfellow v. Concerned Neighbors in Action, ---- U.S. ----, 107 S.Ct. 1177 (1987), and from all interlocutory orders that affect it. Id. at 1182. See also 3B J. Moore & J. Kennedy, Moore's Federal Practice p24-15, pp. 24-169-24-170 (2d ed. 1985). If an intervenor has a legal right to pursue a post-trial appeal, the fact that appellate review now might reduce legal expenses and, thus, preserve funds to which the FSLIC seeks to claim, is not relevant. Stringfellow, ---- U.S. at ----, 107 S.Ct. at 1182; Evilsizor v. Eagle-Picher Industries, Inc., 725 F.2d 97, 98-99 (10th Cir. 1984). The December 10, 1986 order is not 'effectively unreviewable,' and, therefore, this Court does not have jurisdiction of the appeal.
 
 
 6
 It is ORDERED that the motion to dismiss is granted.