**Robert T. JOHANSEN, Kenneth O. Olson, and Delbert Starrett, Plaintiffs–Appellants,**

v.

**The CITY OF BARTLESVILLE, OKLAHOMA, a Municipal Corporation; Arch Robbins, Mayor of the City of Bartlesville, Oklahoma; Robert Kurland, Vice Mayor of the City of Bartlesville, Oklahoma; and Michael Proctor, City Commissioner of the City of Bartlesville, Oklahoma, Defendants–Appellees.**

**and**

**American Stores Properties, Inc. and Price–75 Development Co., Intervenors–Appellees.**

No. 84–2753.

United States Court of Appeals, Tenth Circuit.

Dec. 9, 1988.

Michael L. Seymour, Linger & Seymour, Tulsa, Okl., for plaintiffs-appellants.

Kent L. Jones, Tulsa, Okl. (Donald L. Kahl and Orval E. Jones of Hall, Estill, Hardwick, Gable, Collingsworth & Nelson, Inc., Tulsa, Okl., were also on the brief), for intervenors-appellees.

Before HOLLOWAY, Chief Judge, and SETH and TACHA, Circuit Judges.

HOLLOWAY, Chief Judge.

This appeal arises from a dispute over the rezoning of a tract of land from residential to commercial use in Bartlesville, Oklahoma. The parties include citizens opposed to the rezoning, Robert T. Johansen, Kenneth O. Olson, and Delbert Starrett, the plaintiffs-appellants (Plaintiffs); the City of Bartlesville (City) and several of its municipal officers, Arch Robbins, Robert Kurland, and Michael Proctor (Commissioners), the defendants-appellees; and the would-be developers of the property, American Stores Properties, Inc. (American) and Price–75 Development Corporation (Price–75), the intervenors-appellees.

The Commissioners initially denied the commercial rezoning but in a subsequent state suit reached an agreement with the plaintiff-developer to have the city grant a commercial zoning classification. The federal district court dismissed the Plaintiffs' challenge, made on constitutional grounds, to the state court agreement and judgment therein approving the settlement. The Plaintiffs appeal.

I

In 1983 Price–75 and its wholly owned subsidiary, Leo Eisenberg & Co. (Eisen-

berg) requested the City to rezone the property. At that time the property had one portion which was classified as RS–12 (residential) with the remainder as C–3 (commercial). Price–75 and Eisenberg requested that the residential portion be rezoned so as to make the entire property C–3. The rezoning request was on the October 24, 1983 agenda for the Commissioners. There existed both a recommendation that it be denied by the Metropolitan Area Planning Commission and a formal written protest against the change by the Plaintiffs who own residential property within 300 feet of the property at issue.[1]

At the October 24 meeting, the five City Commissioners voted and favored the granting of the rezoning by a 3–2 vote. Because the City ordinance specific to zoning applications which are protested required that the application can be granted only if four Commissioners vote affirmatively (a "super majority"), Price–75 and Eisenberg were denied the C–3 zoning for the residential portion. Thereafter Eisenberg filed an action in state district court for a determination that the 3–2 vote was a valid approval of the rezoning application, and for injunctive relief. Price–75 assigned and conveyed part of its interest in the property to American during the pendency of the state action.

The gravamen of the Plaintiffs' complaint arises from the City's decision to

---

1. The City of Bartlesville is a municipal corporation operating under a charter pursuant to the Oklahoma Constitution, Article 18 and Okla. Stat. 11, §§ 13–101, et seq. (1978). The City's charter has a provision giving the Board of Commissioners the authority "to create by ordinance, or otherwise, and designate and define the powers and duties of: ... (c) A zoning board or commission." R. 102, City Charter, Article 14(2). In effect at the time of the zoning application were City ordinances specific to zoning applications in Section 12 of the City's regulations. Section 12.15 required written notice 20 days prior to the public hearing to all owners of property within a 300-foot radius of the exterior boundary of the subject property. Section 12.153 provided that upon a properly filed protest against a rezoning application, the existing zoning cannot be amended except by a favorable vote of four of the five Commissioners.

Though the intervenors-appellees invoke state law to challenge the four vote or super majority

as invalid, Oklahoma law holds that a home-rule charter supersedes all Oklahoma statutes with respect to matters of local concern. *City of Moore v. Atchison, Topeka & Santa Fe Railway Co.*, 699 F.2d 507, 510 (10th Cir.1983). Where the City charter expressly provides zoning powers, the zoning ordinances are the referent law. *See Oliver v. City of Tulsa*, 654 P.2d 607, 609 (Okla.1982) (city charter which is adopted and approved in accordance with the Constitution, and which is not inconsistent therewith, becomes the organic law of the city and supersedes all laws of the state in conflict therewith insofar as such laws relate to merely municipal matters); *Development Industries, Inc. v. City of Norman*, 412 P.2d 953, 955–956 (Okla.1966) (where city charter does not expressly provide for zoning ordinances, power to enact zoning ordinances is derived from state statute). *See also infra* note 2.

settle this action through a negotiated agreement which provided Eisenberg a commercial planned unit development (C–3 PUD) classification, a commercial classification more restrictive than a C–3. In that state court action the Plaintiffs were not involved as parties, nor as intervenors. The Commissioners' vote on the settlement agreement was set for December 19, 1983. The Plaintiffs claim they received no formal notice of the City's plan to vote on the settlement agreement as an official action of the City. One individual commissioner told the Plaintiffs about this pending action on December 14. At the December 19 meeting, the Plaintiffs spoke against the approval of the settlement agreement. The Commission then voted by a 3–2 margin to approve the settlement, which was then entered as a judgment in the state district court on December 22, 1983.

In March 1984 the Plaintiffs filed the instant complaint in federal district court which challenged the December 19, 1983 action and the subsequent entry of judgment. The Plaintiffs claimed, *inter alia,* that their rights to due process and equal protection, and their privileges and immunities, were violated when the City and defendant Commissioners failed to give adequate notice of the December 19, 1983 meeting when only five days' actual notice was given; that the approval on that date of the settlement which granted the zoning change was given without the required super-majority and was arbitrary and capricious; and that defendants, under color of state law, intentionally, maliciously and oppressively, sought to deprive them of their civil rights. Finding an absence of due process or equal protection claims sufficient for an action filed under 42 U.S.C. § 1983 and § 1985(3), the federal district court dismissed this suit. The Plaintiffs timely filed this appeal.

Two subsequent events complete the factual and procedural account. After the federal district court dismissed the complaint on November 16, 1984, the City rescheduled this zoning application before the City Commission. Timely and proper notice to all parties, including the Plaintiffs, was provided for this December 3, 1984 meeting. At that meeting the Plaintiffs spoke against the approval of the zoning change. The Commissioners then voted 5–0 to approve granting the C–3 PUD classification.

Additionally, on April 15, 1986 the Oklahoma Court of Appeals issued an opinion vacating the state district court judgment entered on December 22, 1983, approving the settlement. *Eisenberg & Co. v. City of Bartlesville,* No. 63,703 (unpublished). The Court of Appeals invalidated the zoning change granted by the settlement, which had been approved at the December 19, 1983 meeting. The zoning change made in the settlement was held invalid because of insufficient notice to Johansen, the intervenor-appellant in this state appeal, and because the state district court granted relief beyond that requested in the pleadings and not within the authority of the court.

On appeal, the Plaintiffs contend that (1) their due process rights were violated when the City and the Commissioners approved the settlement in December 1983 by a simple majority vote; (2) these same rights were violated when the defendants failed to give adequate notice of the hearing on the settlement agreement; (3) the trial court erred when it found a lack of subject matter jurisdiction; and (4) the court also erred by applying the improper standard to conclude that the complaint failed to state a claim, pursuant to 42 U.S.C. §§ 1983 and 1985(3), on which relief could be granted. The defendants and intervenors disagree and also suggest mootness due to the events which occurred subsequent to the judgment in the federal district court.

## II

■ Mootness must be addressed as "it has long been recognized that a federal court must, *sua sponte,* satisfy itself of its power to adjudicate in every case and at every stage of the proceedings and the court is not bound by the acts or pleadings of the parties." *Tafoya v. U.S. Department of Justice,* 748 F.2d 1389, 1390 (10th Cir.1984). "The rule in federal cases is

that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Steffel v. Thompson,* 415 U.S. 452, 459 n. 10, 94 S.Ct. 1209, 1216 n. 10, 39 L.Ed.2d 505 (1974). Further, we have noted:

> A federal court's inability "to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *Liner v. Jafco, Inc.,* 375 U.S. 301, 306 n. 3 [84 S.Ct. 391, 394 n. 3, 11 L.Ed.2d 347] (1964).... "[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice,* 404 U.S. 244, 246 [92 S.Ct. 402, 404, 30 L.Ed.2d 413] (1971) (per curiam)....

*Tosco Corp. v. Hodel,* 804 F.2d 590, 591 (10th Cir.1986).

The defendants and intervenors contend that the case is moot because the final hearing on the zoning application on December 3, 1984, with its unanimous approval of the C–3 PUD classification, corrected the procedural failures of the contested prior meeting at which City approved the settlement agreement. The Plaintiffs argue that the corrective proceeding and other events fail to render their claims moot. In addition to the corrective meeting and the decision by the Oklahoma Court of Appeals, since this odyssey of rezoning began, the City has also rescinded and reinstated the super majority requirement.[2] The Plaintiffs urge that their claims fall within the category of those being "capable of repetition, yet evading review." Additionally, they assert that their claim for damages is still viable. They also say that we should decide the issues raised as guidance for the City. "The Appellants, or other citizens of Bartlesville, could at some time in the future find themselves faced with the situation of having prevailed in a protest of a rezoning application (which once again requires approval by four-fifths vote) only to have the City, by and through its Commissioners, approve a settlement rezoning the land in question," as is complained of in this action. Reply Brief of Appellants 8.

We find that the Plaintiffs' injunctive and declaratory claims under § 1983 do not fall within the exceptions to the mootness doctrine. We note first the absence of a class action. *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975). Where there is a *nonclass* action, the "capable of repetition, yet evading review" doctrine is limited to situations where two elements are combined: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.*

Here the Plaintiffs' claims have been fully litigated in the state courts and the relief sought was obtained: the contested judgment was vacated. Additionally, the final zoning proceeding held by the City was conducted in accordance with the City's procedural requirements for notice and opportunity to be heard for those opposing the zoning application. As to a recurrence of this zoning dispute, there is no showing of a "reasonable expectation" or "demonstrated probability" that the same controversy will recur involving the same plaintiffs as the complaining parties. *Murphy v. Hunt,* 455 U.S. 478, 482–484, 102 S.Ct. 1181, 1183–1184, 71 L.Ed.2d 353 (1982). "The Court has never held that a mere physical or theoretical possibility was sufficient to satisfy the test stated in *Weinstein.*" *Id.* at 482, 102 S.Ct. at 1183.[3]

---

**2.** On May 21, 1984, the Commissioners repealed the super majority requirement for contested zoning applications. After an "informal opinion" by the Attorney General of Oklahoma that under Oklahoma law such requirements were permissible under certain conditions, the Plaintiffs succeeded through an initiative petition to secure an election on a measure to restore the super majority. As the result of a favorable vote on the measure, the super majority was restored by the City in April 1985.

**3.** The Plaintiffs' arguments are not persuasive in stating how their claims meet the standard for actions "capable of repetition, yet evading review" set out in *Weinstein* and *Murphy.* Their reliance on cases prior to *Weinstein* and *Murphy* is also misplaced because these cases involve

Accordingly we hold that the claim for declaratory and injunctive relief under § 1983 is moot.

### III

■ There remains the punitive damages claim asserted under § 1983. Without further averments than their allegations of violations of due process and equal protection by lack of notice of the December 19, 1983 meeting, and by municipal action without a super majority in approving the settlement, plaintiffs also prayed for punitive damages in their § 1983 claim.[4]

It is permissible "to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 1640, 75 L.Ed.2d 632 (1983). Such punitive damages are awarded in the jury's discretion "to punish [the defendant] for his outrageous conduct and to deter him and others like him from similar conduct in the future." *Id.* at 54, 103 S.Ct. at 1639 (quoting Restatement (Second) of Torts § 908(1) (1979)). As a threshold requirement, the Plaintiffs must meet the test for Rule 12(b)(6): whether the Plaintiffs can prove any set of facts in support of the § 1983 claim which would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80

(1957). Upon such review which favors the pleader, we find that the Plaintiffs have failed to allege grounds that could entitle them to punitive damages.

The conspiracy allegations under § 1985 were withdrawn at argument before us. The bare allegations of violations of due process and equal protection and infringement of a liberty interest are not sufficient to amount to conduct resulting from "evil motive or intent, or. . . . reckless or callous indifference to the *federally protected rights of others.*" *Smith v. Wade*, 461 U.S. at 56, 103 S.Ct. at 1640 (emphasis added). The lack of a twenty-day notice specified by the ordinance is not, in and of itself, a federal due process violation, in light of the giving of five days' actual notice. Moreover, "an expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause." *Olim v. Wakinekona*, 461 U.S. 238, 250 n. 12, 103 S.Ct. 1741, 1748 n. 12, 75 L.Ed.2d 813 (1983). As the district judge noted, the federal claims were insufficient and the Plaintiffs attempted to construct them "entirely on alleged violations of municipal and state law." We are satisfied that no viable federal claim for punitive damages under § 1983 is stated and therefore uphold the dismissal as to that claim.

### IV

Accordingly, the judgment of dismissal is affirmed with respect to the Plaintiffs'

situations distinguishable from the action arising here over a specific piece of property, where the controversy among the parties has been resolved and is unlikely to recur among the same parties. *E.g., Roe v. Wade*, 410 U.S. 113, 125, 93 S.Ct. 705, 713, 35 L.Ed.2d 147 (1973) (duration of human gestation makes pregnancy a "classic justification" for conclusion of non-mootness; pregnancy often comes more than once to the same woman); *Moore v. Ogilvie*, 394 U.S. 814, 816, 89 S.Ct. 1493, 1494, 23 L.Ed.2d 1 (1969) (state election laws presented continuing controversy in federal-state area of "one man, one vote" principle); *Southern Pacific Terminal Co. v. Interstate Commerce Commission*, 219 U.S. 498, 515–516, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911) (cease-and-desist order of the I.C.C. involved continuing questions, despite expiration of order challenged). We do not find that the resolution here leaves a repeated short-term action which evades review and redress nor a

continuing or controlling effect on future events which necessitates a determination on questions of law.

4. The complaint was comprised of only two counts invoking the federal civil rights laws, 42 U.S.C. §§ 1983 and 1985(3). Pursuant to § 1983, the Plaintiffs sought temporary and permanent injunctive relief and declaratory relief from the deprivation of rights secured under the Fifth and Fourteenth Amendments and punitive damages. In the § 1985(3) claim, they asked for actual or compensatory damages based upon the amount of devaluation of the Plaintiffs' homesteads and punitive damages. The record does not show an amended complaint changing the Plaintiffs' claims. At oral argument before this court, the Plaintiffs withdrew the § 1985(3) claim, thereby leaving only the claim for injunctive and declaratory relief and punitive damages sought under § 1983.

claim under § 1985 because they withdrew that claim at argument in this court. The judgment of dismissal is also affirmed with respect to the Plaintiffs' claim for punitive damages under § 1983 for the reasons stated in Part III. With respect to the Plaintiffs' claim for injunctive and declaratory relief under § 1983, the judgment, findings and conclusions are vacated and the cause is remanded with directions to dismiss that claim as moot.

IT IS SO ORDERED.