George **PROCTOR–SMITH** and Marjorie **Proctor–Smith, Plaintiffs,**

v.

**RED BIRD BANK OF DALLAS, Harold Blake and Fred Jackson, Defendants,**

**and**

**Federal Deposit Insurance Corporation, as Receiver for Red Bird Bank of Dallas, Intervenor.**

No. 3–92CV0953–P.

United States District Court, N.D. Texas, Dallas Division.

Oct. 6, 1992.

Richard A. McKinney, Haynie Higier Maris & Foxman, Dallas, Tex., for Blake, Harold, Red Bird Bank.

Michael Robert Swan, FDIC, Legal Div., Dallas, Tex., for FDIC.

Emily G. Tobolowsky, Tobolowsky, Prager & Schlinger, Dallas, Tex., for Fred Jackson.

Joe Ross Massengill, McCarty Wilson Marsh & Grubbs, Ennis, Tex., for George Proctor–Smith, Marjorie Proctor–Smith.

## MEMORANDUM OPINION AND ORDER

SOLIS, District Judge.

The Memorandum Opinion and Order in the above-styled and numbered case signed on October 5, 1992 is vacated. This Memorandum Opinion and Order is substituted therefor.

Before the court is the motion of Intervenor Federal Deposit Insurance Corporation (FDIC), in its capacity as Receiver for Red Bird Bank of Dallas, for a one-hundred and eighty (180) day stay of the above-numbered and styled litigation. The motion was filed on August 7, 1992. On August 25, 1992, Plaintiff filed its timely response to Intervenor's motion. On September 10, 1992, Intervenor filed its reply to Plaintiff's response in a timely manner. Plaintiff filed a sur-reply without permission on September 16, 1992. Since the Court does not accept sur-replies without first granting permission to file, Plaintiff's sur-reply has not been considered in ruling on Plaintiff's motion. For the reasons set forth below, the Court GRANTS Intervenor's motion for a one hundred and eighty (180) day stay.

### I.

This dispute arises under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"). On May 19, 1992, the Court granted Intervenor FDIC an unopposed ninety (90) day stay pursuant to 12 U.S.C. § 1821(d)(12). Relying on the statutory authority of 12 U.S.C. § 1821(d)(5)(A)(i), Intervenor FDIC now moves the Court to grant its motion for a one hundred and eighty (180) day stay filed on August 7, 1992.

Under the statutory scheme of 12 U.S.C. § 1821(d)(5)(A)(i), the FDIC is allowed one hundred and eighty (180) days, from the date a claim is filed against a depository institution under FDIC receivership, to allow or disallow the claim. It is undisputed factually that Plaintiff lodged its claim with the FDIC on or about July 1, 1992. Since the FDIC has already been accorded one ninety (90) day stay, the issue before the Court is whether the FDIC is entitled to two bites of the cherry: i.e., an automatic ninety (90) day stay upon request, and an automatic one hundred and eighty (180) day stay once a claim has been filed with the FDIC for administrative resolution.

### II.

In support of its motion for the one hundred and eighty (180) day stay, the FDIC cites an unreported Southern District of New York case as authority, *International Fidelity Insurance Company v. Yorkville Federal Savings and Loan Assn.*, No. 90 Civ. 3767, 1990 WL 165720 (S.D.N.Y. Oct. 19, 1990). While such an unreported case is of little or no precedential value, the legislative history cited and discussed in the opinion is helpful in resolving the issue at bar.

The issue in *International Fidelity* was whether the Receiver (the RTC) was entitled to *either* the ninety (90) day stay, or the one hundred and eighty (180) day stay. In that case, the Plaintiff argued that the RTC was entitled only to the ninety (90) day stay. The RTC maintained that it was entitled to the one hundred and eighty (180) day stay. Citing the discussion of Congressional intent regarding the one hundred and eighty (180) day stay found in Senior District Judge Cohen's opinion in *Tuxedo Beach Club Corp. v. City Federal Savings Bank*, 737 F.Supp. 18 (D.N.J. 1990), the Court in *International Fidelity* held that the RTC was entitled to the one hundred and eighty (180) day stay. The Court in *International Fidelity* concurred with Judge Cohen's view that the intent of Congress, in enacting the one hundred and

eighty (180) day stay provisions of 12 U.S.C. § 1821(d)(5)(A)(i), was to resolve claims against failed financial institutions efficiently through an administrative process, rather than by unduly burdening the district courts. *International Fidelity*, at 2, citing H.R.Rep. No. 101–54(I), 101st Cong. at p. 214–15.

Other courts divining Congressional intent with respect to the one hundred and eighty (180) day stay have cited the same legislative discussion in holding that the stay is warranted. *Marquis v. FDIC*, 965 F.2d 1148, 1152–1155 (1st Cir.1992); *Coston v. Gold Coast Graphics, Inc.*, 782 F.Supp. 1532, 1537 (S.D.Fla.1992). *Marquis*, is especially instructive:

> In our judgment, FIRREA cannot be read to foreclose district courts from granting stays above and beyond the 90–day stay described in section 1821(d)(12). Moreover, given Congress' insistence that virtually all claims against failed financial institutions should be subjected to administrative scrutiny once the FDIC steps in as a receiver, we see no reason why, in the vast majority of leftover pre-receivership cases, district judges would not, upon request of a party, hold pending litigation in abeyance until the administrative review process has run its course, or 180 days has passed, whichever first occurs.
>
> *Marquis*, 965 F.2d at 1155.

### III.

The cases that Plaintiff cites in support of its argument that the FDIC is not entitled to the one hundred and eighty day (180) stay have been orphaned by the general trend in the case law to allow the administrative resolution process to run its course. *See, Marc Development, Inc. v. Federal Deposit Insurance Corporation*, 771 F.Supp. 1163 (C.D.Utah 1991); *General Development Corporation v. Federal Deposit Insurance Corporation*, 135 B.R. 1015 (Bankr.S.D.Fla.1991). Indeed, on appeal of the Bankruptcy Court's denial of the one hundred and eighty day (180) stay in *General Development Corporation*, the District Court reversed. *Federal Deposit*

*Insurance Corporation v. General Development Corporation*, 143 B.R. 792 (S.D.Fla.1992).

### IV.

For the reasons set forth above, the Court GRANTS Intervenor's Motion For A One Hundred and Eighty (180) Day Stay.

SO ORDERED.