992 F.2d 1503
 MARC DEVELOPMENT, INC., an Illinois corporation; Keith-Marc
Properties, Ltd., an Illinois limited partnership,
Plaintiffs-Appellees,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for the
Cosmopolitan National Bank of Chicago, Defendant-Appellant.
 No. 91-4172.
 United States Court of Appeals,
Tenth Circuit.
 May 6, 1993.
Rehearing Granted Aug. 31, 1993.
 
 Richard J. Osterman, Jr., Sr. Counsel, (Ann S. Duross, Asst. Gen. Counsel, Michael H. Krimminger, Gen. Counsel, with him on the brief) F.D.I.C., Washington, DC, for defendant-appellant.
 Neil A. Kaplan and Ted Boyer of Clyde, Pratt & Snow, Salt Lake City, UT, for plaintiffs-appellees.
 Before McKAY, Chief Judge, LOGAN and BALDOCK, Circuit Judges.
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant Federal Deposit Insurance Corporation (the "FDIC") appeals the district court's denial of its request for a 180 day stay under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), Pub.L. No. 101-73, 103 Stat. 183 (1989) (relevant sections codified at 12 U.S.C. § 1821). The FDIC specifically claims that it is entitled to the stay under 12 U.S.C. § 1821(d) and for support cites FIRREA's legislative history. The FDIC also points us to our opinion in Resolution Trust Corp. v. Mustang Partners, 946 F.2d 103 (10th Cir.1991), published subsequent to the district court's order, as authority for its claim. Plaintiffs Marc Development, Inc. and Keith-Marc Properties, Ltd. ("Plaintiffs") move to dismiss this appeal for lack of jurisdiction, claiming it is not a collateral order immediately appealable under 28 U.S.C. § 1291. We also address whether the FDIC's claim is moot.
 
 
 2
 Plaintiffs initially instituted an action in state court against Cosmopolitan Bank of Chicago (the "Bank") to enforce certain real estate loan agreements and to obtain clear title to the property securing the loans. Plaintiffs claimed that they had paid the loan obligations in full and were entitled to reconveyance of the land. After commencement of this suit, the Bank became insolvent, and the FDIC was appointed receiver pursuant to 12 U.S.C. § 1821(c). The FDIC then removed the case to federal court and sought to stay the proceedings for 180 days while the FDIC administratively processed Plaintiffs' claim. The FDIC argued that 12 U.S.C. § 1821(d)(13)(D) deprived the district court of subject matter jurisdiction for 180 days. By order dated August 15, 1991, the district court denied the FDIC's request for the 180 day stay. See Marc Development, Inc. v. FDIC, 771 F.Supp. 1163 (D.Utah 1991). On November 22, 1991, the FDIC, after completing its administrative review process, denied Plaintiffs' claim.
 
 I.
 
 3
 Plaintiffs claim that the district court's interlocutory order denying the stay is not appealable under 28 U.S.C. § 1291 because it is not a collateral order under Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). For Cohen's collateral order doctrine to apply, the district court's order must: (1) "conclusively determine the disputed question"; (2) "resolve an important issue completely separate from the merits of the action"; and (3) "be effectively unreviewable on appeal from a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1988).
 
 
 4
 A district court's order is deemed to have conclusively determined the disputed question if the order is "made with the expectation that [it] will be the final word on the subject addressed." Gulfstream Aerospace v. Mayacamas Corp., 485 U.S. 271, 277, 108 S.Ct. 1133, 1137, 99 L.Ed.2d 296 (1988). The district court's order of August 15, 1991 represents its final word on the subject of the 180 day stay as the district court has denied all FDIC requests to alter, amend or reconsider its order.
 
 
 5
 The district court's order also resolves an important issue completely separate from the merits of the action. The collateral order doctrine requires that the issue be important in a jurisprudential sense. Nemours Foundation v. Manganaro Corp., New England, 878 F.2d 98, 100 (3d Cir.1989). See also Nixon v. Fitzgerald, 457 U.S. 731, 742, 102 S.Ct. 2690, 2697, 73 L.Ed.2d 349 (1982) (collateral appeal of interlocutory order must present a serious and unsettled question). Given the confusion created by 12 U.S.C. § 1821(d) with regard to this 180 day stay issue, which affects a large number of receivership claims, and the wealth of cases decided in the district courts, all of which reached different results using conflicting methodology,[1] the question is important in a jurisprudential sense. Moreover, the issue of the availability of the 180 day stay is separate from the merits as it is not "enmeshed in the factual and legal issues comprising the plaintiff's cause of action." Coopers & Lybrand, 437 U.S. at 469, 98 S.Ct. at 2458. In examining the propriety of this order, we need not reach the underlying factual and legal issues regarding Plaintiffs' loan obligations with the Bank but need only address the isolated legal issue of whether the district court appropriately denied a 180 day stay of these proceedings under 12 U.S.C. § 1821(d).
 
 
 6
 Finally, the district court's order is effectively unreviewable on appeal. If we were to wait to resolve this issue on direct appeal after a determination on the merits as Plaintiffs request, and if we were to determine that the district court improperly denied the 180 day stay as the FDIC asserts, the FDIC will have permanently lost the opportunity to resolve Plaintiffs' claims administratively without simultaneously defending this litigation in the district court. Cf. Mitchell v. Forsyth, 472 U.S. 511, 526-27, 105 S.Ct. 2806, 2815-16, 86 L.Ed.2d 411 (1985) (because qualified immunity is immunity from suit rather than a mere defense to liability, the immunity is effectively lost if a case is erroneously permitted to go to trial). Thus, the FDIC has asserted a right which would be destroyed if not vindicated before trial. United States v. MacDonald, 435 U.S. 850, 860, 98 S.Ct. 1547, 1552, 56 L.Ed.2d 18 (1978).[2]
 
 
 7
 Given that the issue before us meets all three requirements of the collateral order doctrine, we hold that the district court's order denying the FDIC a 180 day stay is immediately appealable.
 
 II.
 
 8
 The fact that the FDIC has completed the administrative claims process and has denied Plaintiffs' claim raises a mootness issue, because the FDIC now lacks a legally cognizable interest in obtaining a 180 day stay in this case. See United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980) (if issues presented are no longer live or parties lack a "legally cognizable interest in the outcome," the case is ordinarily moot). However, an exception to the mootness doctrine exists when the issue is "capable of repetition, yet evading review." See Johansen v. City of Bartlesville, 862 F.2d 1423, 1426 (10th Cir.1988). This exception applies when " '(1) the challenged action [i]s in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [i]s a reasonable expectation that the same complaining party would be subjected to the same action again.' " Id. (quoting Weinstein v. Bradford, 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975)). Any appeal of the 180 day stay issue will always take longer than the FDIC's claims procedure, and there is a reasonable expectation that the FDIC will be placed in the same situation again. Therefore, because this issue presents the classic scenario of an issue "capable of repetition, yet evading review," the mootness doctrine does not bar our review. Cf. Praxis Properties v. Colonial Sav. Bank, 947 F.2d 49, 61-2 (3d Cir.1991) (district court denial of 90 day stay provided in 12 U.S.C. § 1821(d)(12) is not barred by mootness, even though more than 90 days have elapsed pending this appeal and even though the result has no practical effect on the parties, because the issue is capable of repetition yet evading review).
 
 III.
 A.
 
 9
 Having determined that our jurisdiction is proper and that the mootness doctrine does not bar our review, we affirm the district court's denial of the 180 day stay, and adopt and incorporate into this opinion the district court's opinion of Marc Development, Inc. v. FDIC, 771 F.Supp. 1163 (D.Utah 1991), in its entirety. The district court's thorough and well-reasoned opinion fully addresses, disposes of, and rejects the FDIC's assertions that it is entitled to the 180 day stay as a result of FIRREA provisions contained in 12 U.S.C. § 1821(d) and as a result of the FIRREA's legislative history.
 
 B.
 
 10
 We further hold that our opinion in Resolution Trust Corp. v. Mustang Partners, 946 F.2d 103 (10th Cir.1991), is consistent with the district court's opinion in Marc Development, 771 F.Supp. 1163, which we adopt today. Contrary to the FDIC's assertions, Mustang Partners does not require exhaustion of the administrative claims process before the lawsuit can continue, but merely requires compliance with the administrative claims process in order to preserve a claimant's right to continue pursuing a pending lawsuit involving the same claim. Mustang Partners, 946 F.2d at 106. Therefore, Marc Development, which allows the claims process to proceed simultaneously with the litigation subject only to a 90 day stay provided in 12 U.S.C. § 1821(d)(12)(A)(ii), is consistent with Mustang Partners in that it allows the litigation to continue without inhibiting concurrent compliance with the FDIC's administrative claims process.
 
 C.
 
 11
 The First Circuit recently addressed the 180 day stay issue in Marquis v. FDIC, 965 F.2d 1148 (1st Cir.1992).[3] The Marquis opinion is essentially consistent with our adoption of Marc Development to the extent it holds that, under the FIRREA, federal courts retain subject matter jurisdiction in litigation filed prior to the appointment of the receiver. Marquis, 965 F.2d at 1154. However, we disagree with the First Circuit's assertion that the district court, in its discretion, can and ordinarily should stay proceedings for more than the 90 days specified in 12 U.S.C. § 1821(d)(12)(A)(ii) to allow for the exhaustion of the administrative claims review process. Marquis, 965 F.2d at 1155. We feel that granting the district courts such discretion ignores the plain language of § 1821(d)(12)(A)(ii) and is "inconsistent with the spirit and effect of the [90 day] stay." Marc Development, 771 F.Supp. at 1167.
 
 
 12
 AFFIRMED.
 
 
 13
 LOGAN, Circuit Judge, concurring in part and dissenting in part.
 
 
 14
 Although I agree with the majority's resolution of the appealability and mootness issues, I do not agree with its construction of the statute to require concurrent administrative consideration and ongoing judicial action on claims asserted before the FDIC receivership. The majority's reading is contrary to the one circuit court decision and to the overwhelming majority of district court decisions to have squarely considered the issue. Because an interpretation of § 1821(d) favoring a judicial stay of prereceivership claims pending administrative resolution best harmonizes its various paragraphs, I respectfully dissent from Part III of the court's opinion.
 
 
 15
 The majority properly rejects the FDIC's argument that a federal court loses jurisdiction over suits in which a financial institution is a party once that institution is placed into receivership. Subparagraph (D) of § 1821(d)(13) divests a court of jurisdiction over claims against depository institutions in receivership "[e]xcept as otherwise provided in this subsection." This exception refers to § 1821(d) as a whole,[1] not just to paragraph (13), and § 1821(d)(5)(F)(ii) specifically provides that "the filing of a claim with the receiver shall not prejudice any right of the claimant to continue any action which was filed before the appointment of the receiver." Because there is little that "could be more prejudicial to a claimant's right 'to continue' a pending action than the outright dismissal of the action," Marquis v. FDIC, 965 F.2d 1148, 1153 (1st Cir.1992), a federal court retains jurisdiction over claims filed against a depository institution before appointment of a receiver.
 
 
 16
 The majority's conclusion that such claims must proceed simultaneously through administrative and judicial channels, however, does not necessarily follow from this result. When considered in its entirety, § 1821(d) anticipates a judicial stay of prereceivership claims during a reasonable period of administrative consideration. As we explained in Resolution Trust Corp. v. Mustang Partners, 946 F.2d 103 (10th Cir.1991), prereceivership claims must be submitted to the FDIC's administrative claims resolution process. After submission, the FDIC has 180 days in which to grant or deny the claim. 12 U.S.C. § 1821(d)(5)(A)(i). If the FDIC denies the claim (or if 180 days passes with no action), within 60 days "the claimant may request administrative review of the claim ... or file suit on such claim (or continue an action commenced before the appointment of the receiver )." Id. § 1821(d)(6)(A) (emphasis added). The parenthetical phrase clearly contemplates that the pre-existing suit has been held in abeyance awaiting the FDIC's ruling. See also id. § 1821(d)(6)(B)(ii) ("If any claimant fails to file suit on such claim (or continue an action commenced before the appointment of the receiver ), before the end of the 60-day period described in subparagraph (A), the claim shall be deemed to be disallowed....") (emphasis added).
 
 
 17
 If the statutory language is not deemed clear enough, the legislative history of FIRREA supports this conclusion. See H.R.Rep. No. 54(I), 101st Cong., 1st Sess. 418 (1989), reprinted in 1989 U.S.C.C.A.N. 86, 214 ("Any suit (or motion to renew a suit filed prior to appointment of the receiver ) must be brought by the claimant within 60 days after the denial of the claim.") (emphasis added). The "shall not prejudice" language of § 1821(d)(5)(F)(ii) merely protects the claimant from dismissal while the administrative claim is pending.
 
 
 18
 Contrary to the majority's conclusion, the grant of a stay pending administrative resolution of prereceivership claims would not render the automatic 90-day stay of § 1821(d)(12)(A)(ii) superfluous. "The 90-day period is the agency's space in which to learn about the case; but the 180-day period within which administrative decisions on claims are reached commences only after the time within which those claims are filed." Guidry v. Resolution Trust Corp., 790 F.Supp. 651, 655 (E.D.La.1992). Further, the statutory stay is exclusively available "when the FDIC takes control of a depository institution who is a plaintiff in pending litigation [or] when the FDIC is appointed conservator of a bridge institution rather than a failed thrift." Estate of Harding v. Bell, 817 F.Supp. 1186, 1195 (D.N.J.1993); see also Praxis Properties, Inc. v. Colonial Sav. Bank, S.L.A., 947 F.2d 49, 64 n. 14 (3d Cir.1991). I therefore agree with the First Circuit that "FIRREA cannot be read to foreclose district courts from granting stays above and beyond the 90-day automatic stay described in section 1821(d)(12)," and that under most circumstances a district court should "hold pending litigation in abeyance until the administrative review process has run its course, or 180 days has passed, whichever first occurs." Marquis, 965 F.2d at 1155.
 
 
 19
 Along with the First Circuit, district courts in the Second, Third, Fifth, Seventh, and Eleventh Circuits have approved stays in prereceivership cases pending administrative review. See Harding, 817 F.Supp. at 1195 (Third Circuit); Resolution Trust Corp. v. J.F. Assocs., 813 F.Supp. 951, 953 (N.D.N.Y.1993) (Second Circuit); Proctor-Smith v. Red Bird Bank, 806 F.Supp. 129, 131 (N.D.Tex.1992) (Fifth Circuit); Lanigan v. Resolution Trust Corp., No.91-C-7216, 1992 WL 130075, at * 2, 1992 U.S.Dist. LEXIS 8050, at * 6-* 7 (N.D.Ill. June 5, 1992) (Seventh Circuit); Solano v. Southeast Bank, N.A., 796 F.Supp. 506, 508 (S.D.Fla.1992) (Eleventh Circuit); Guidry, 790 F.Supp. at 654 (Fifth Circuit); Resolution Trust Corp. v. Cotten, 790 F.Supp. 649, 650 (E.D.La.1992) (Fifth Circuit); Simms v. Biondo, 785 F.Supp. 322, 325 (E.D.N.Y.1992) (Second Circuit); Coston v. Gold Coast Graphics, Inc., 782 F.Supp. 1532, 1536 (S.D.Fla.1992) (Eleventh Circuit); Homeyer v. Yorkville Fed. Sav. & Loan Ass'n, No. 90 Civ. 5830 (CSH), 1991 WL 274226, at * 3, 1991 U.S.Dist. LEXIS 17939, at * 15 (S.D.N.Y. Dec. 9, 1991) (Second Circuit); Connecticut Bank & Trust Co., N.A. v. CT Partners, Inc., 136 F.R.D. 347, 350 (D.Conn.1991) (Second Circuit). One district court in our own circuit is in accord, having refused to follow the Utah district court's decision that we review in the instant case. See FDIC v. Updike Bros., Inc., 814 F.Supp. 1035, 1043 n. 4 (D.Wyo.1993).
 
 
 20
 Recent decisions have been critical of view of the district court the majority adopts in the instant case. In Proctor-Smith, the court stated that cases such as Marc Development "have been orphaned by the general trend in the case law to allow the administrative resolution process to run its course." 806 F.Supp. at 131; see also Homeyer, 1991 WL 274226, at * 5, 1991 U.S.Dist. LEXIS 17939, at * 12. Of the two district courts that have adopted the Marc Development analysis, one has been overruled and the other is of dubious authority. FDIC v. Grillo, 788 F.Supp. 641 (D.N.H.1992), enthusiastically endorsed the Marc Development approach, but, because New Hampshire is in the First Circuit, has been overruled by Marquis. McNeily v. United States, 798 F.Supp. 395 (N.D.Tex.1992), also agreed that concurrent proceedings were appropriate, but Proctor-Smith, from the same district, decided nine months after McNeily, holds exactly to the contrary.
 
 
 21
 FIRREA is admittedly a highly complex statute; one court has quipped that it "makes the Internal Revenue Code look like a first grade primer." Guidry, 790 F.Supp. at 653. In particular, § 1821(d) has "proven to be particularly troublesome for courts and litigants alike. As a result, a procedure originally intended to dispose of the bulk of claims against failed financial institutions expeditiously and fairly has instead become a source of delay and injustice in the disposition of such claims." Espinosa v. DeVasto, 818 F.Supp. 438, 440 (D.Mass.1993) (quotation and citation omitted). An interpretation of § 1821(d) that encourages district courts to stay prereceivership claims pending administrative determination best comports with the language of the various paragraphs and subparagraphs of subsection (d) governing the review of administrative claims and with the overall intent of the statute. Parallel proceedings would require the FDIC to defend a claim in court that might ultimately be granted administratively, wasting judicial resources and taxpayer dollars. If the claim is denied, under § 1821(d)(5)(F)(ii) the claimant is in no worse a position than before. "To permit administrative and judicial remedies to run their course on parallel tracks would seem to invite chaos and thwart the administrative scheme Congress sought to create." Guidry, 790 F.Supp. at 654. The majority contributes to that chaos by creating a circuit split and holding that judicial and administrative claims must proceed simultaneously. For the reasons stated, I dissent.
 
 
 
 [1]
 Compare Proctor-Smith v. Red Bird Bank of Dallas, 806 F.Supp. 129 (N.D.Tex.1992) (FDIC as receiver was entitled to automatic 180 day stay under FIRREA) and Guidry v. Resolution Trust Corp., 790 F.Supp. 651 (E.D.La.1992) (motion to dismiss for lack of subject matter jurisdiction denied, but case stayed pending administrative claim review by the Resolution Trust Corporation) and Simms v. Biondo, 785 F.Supp. 322 (E.D.N.Y.1992) (motion to dismiss for lack of subject matter jurisdiction denied, but stay granted until claim-filing process runs its 180 day course) with McNeily v. United States, 798 F.Supp. 395 (N.D.Tex.1992) (plain meaning of 12 U.S.C. § 1821(d), without interpreting any subsection as superfluous, does not require exhaustion of administrative remedies as a prerequisite to subject matter jurisdiction in pre-receivership litigation) and FDIC v. Grillo, 788 F.Supp. 641 (D.N.H.1992) (pre-receivership litigants were not required to exhaust administrative remedies before litigation in federal court could continue but had the option of pursuing court action simultaneously with administrative claims process) and Marc Development, Inc. v. FDIC, 771 F.Supp. 1163 (D.Utah 1991) (under FIRREA, pre-receivership lawsuits proceed without interruption subject only to 90 day stay)
 
 
 [2]
 Evilsizor v. Eagle-Picher Industries, Inc., 725 F.2d 97 (10th Cir.1983), cited by Plaintiffs to support their motion to dismiss, is distinguishable. In Evilsizor, Defendants sought to stay suits against them because other defendants in the suits had filed bankruptcy. After the district court denied their motions to stay, Defendants appealed, arguing that the absence of the bankrupt defendants would prejudice their ability to conduct effective discovery, alter their trial strategy, and affect the allocation of fault under a comparative negligence statute. The Evilsizor panel held that "this situation does not involve 'an asserted right, the legal and practical value of which would be destroyed if it were not vindicated before trial.' " Id. at 99 (quoting MacDonald, 435 U.S. at 860, 98 S.Ct. at 1552). The Evilsizor defendants' rights, if found to be violated on direct appeal after a trial on the merits, could have been vindicated in a new trial in which discovery was adequate, trial strategy was to their advantage, and comparative negligence was correctly applied. Unlike the Evilsizor defendants, the FDIC has asserted a right which would be destroyed if not vindicated before trial--i.e., the right to resolve Plaintiffs' claims administratively without simultaneously defending litigation
 
 
 [3]
 The issue in Marquis was framed as whether the district court should have dismissed the litigation pursuant to 12 U.S.C. § 1821(d)(13)(D), rather than as whether the district court should have granted a 180 day stay pursuant to that same subsection. Marquis, 965 F.2d at 1151. However, the issue is analogous and involves many of the same arguments
 
 
 [1]
 12 U.S.C. § 1821(d) uses the term "subsection" when referencing a part of § 1821 on a level with (d), see § 1821(d)(2)(F)(ii), (d)(2)(G)(ii), the term "paragraph" when referencing a part on a level with (d)(13), the term "subparagraph" when referencing a part on a level with (d)(13)(D), and the term "clause" when referencing a part on the level of (d)(13)(D)(i)