■ Plaintiff's attorney urges this court to follow the lead of the Sixth Circuit in *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989), and "establish[ ] a rebuttable presumption that an attorney in a Social Security Disability case would receive the full 25% contingency fee under contract unless (1) the attorney engaged in improper conduct or was ineffective, or (2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." Appellant's Br. at 9. We note that Sixth Circuit law in this area is considerably more involved than plaintiff's counsel would have us believe, and we decline this invitation.

In determining the fee award, the district court multiplied the number of hours expended times the attorney's customary hourly fee of $150.00. This lodestar amount, the "'product of reasonable hours times a reasonable rate' normally provides a 'reasonable' attorney's fee." *Blum v. Stenson*, 465 U.S. 886, 897, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983)); *see also Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir.1983).

Plaintiff's attorney argues that a bonus fee is justified because of the role in this case of the factors identified in *Roach v. Secretary of Health & Human Services (Ex parte Duggan)*, 537 F.Supp. 1198 (D.S.C.1982). These factors include the time and labor expended, the novelty and difficulty of the questions raised, the skill of the attorney, the amount in controversy and the results obtained, and the fee award in similar cases. *See id.* at 1199–1201.

■ While we acknowledge that a fee may be enhanced in cases of "exceptional success," *see Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940, we do not view this case as meriting such an enhancement. An upward adjustment is appropriate "only in the rare case where the fee applicant offers specific evidence to show that the quality of service rendered was superior to that one reasonably should expect in light of the hourly rates charged." *Blum*, 465 U.S. at 899, 104 S.Ct. at 1549. We agree with the district court that counsel has not made this showing. The

simple fact that this court in the underlying case reversed the denial decision of the Secretary and remanded for benefits does not make this the "rare" case deserving an enhanced attorney's fee.

The district court noted that $150.00 per hour is $25.00 per hour higher than the prevailing rate in the Eastern District of Oklahoma for similar work. This heightened hourly rate is adequate to compensate counsel for the factors identified in *Duggan*.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

**MARC DEVELOPMENT, INC., an Illinois corporation; Keith–Marc Properties, Ltd., an Illinois limited partnership, Plaintiffs–Appellees,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for the Cosmopolitan National Bank of Chicago, Defendant–Appellant.**

No. 91–4172.

United States Court of Appeals, Tenth Circuit.

Nov. 23, 1993.

ance Corporation as Receiver for The Cosmopolitan National Bank of Chicago, No. 91–4172 (the "Appeal"). As a result, the Parties expressly reserve and exclude from this Settlement Agreement the issues raised on the Appeal, which Appeal may include subsequent proceedings in the United States Supreme Court. Accordingly, MDI and KMPL will dismiss with prejudice their Complaint thirty (30) days following written notification by the FDIC as Receiver that the appeal has been concluded.

Settlement Agreement and Limited Mutual Release § 1(c).

The FDIC seeks to convince the in banc court to reject the ruling of the majority in the panel opinion, but states alternatively that if we believe the case is mooted by the settlement it would be appropriate to vacate this court's panel opinion and the district court's opinion reported as *Marc Development, Inc. v. FDIC,* 771 F.Supp. 1163 (D.Utah 1991). Plaintiffs-appellees Marc Development, Inc. and Keith–Marc Properties, Ltd., have asked to be excused from arguing the case before the in banc court; because of the settlement they state they no longer have a financial interest in the outcome. Plaintiffs also state they have no objection to our vacating the circuit and district courts' opinions.

After review of the briefs and the settlement document, we conclude that the settlement renders the appeal moot despite the attempted reservation of the legal issues. We hold that under the circumstances it is appropriate to vacate the previously reported opinion and judgment of this court as well as that of the district court and to remand to the district court with directions to dismiss. "That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance" and prevents the moot judgment "from spawning any legal consequences." *United States v. Munsingwear,* 340 U.S. 36, 40–41, 71 S.Ct. 104, 107, 95 L.Ed. 36 (1950); *see also Oklahoma Radio Associates v. FDIC,* 3 F.3d 1436 (10th Cir.1993).

It is so ordered.

Richard J. Osterman, F.D.I.C., Washington, DC, for defendant-appellant.

Kathleen H. Switzer, Douglas B. Cannon, Fabian & Clendenin, Salt Lake City, UT.

Rodney G. Snow, Neil A. Kaplan, Theodore Boyer, Clyde, Pratt & Snow, Salt Lake City, UT, for plaintiffs-appellees.

Before McKAY, Chief Judge, LOGAN, SEYMOUR, MOORE, ANDERSON, TACHA, BALDOCK, BRORBY, EBEL, and KELLY, Circuit Judges.

## ORDER ON REHEARING IN BANC

PER CURIAM.

After this court entered an order granting rehearing in banc of the panel opinion reported as *Marc Development, Inc. v. FDIC,* 992 F.2d 1503 (10th Cir.1993), we were informed that the parties had entered into a settlement agreement. The agreement disposed of all financial issues between the parties; and we have been advised that the settlement funds have been disbursed. The agreement, however, purported to except from settlement the issue involved in the instant case, in the following language:

The Parties to this Settlement Agreement specifically desire to preserve the FDIC as Receiver's rights to prosecute an appeal presently before the Tenth Circuit Court of Appeals captioned *Marc Development, Inc. et al. v. Federal Deposit Insur-*

Each party shall bear its own costs and the mandate shall issue forthwith.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kenneth E. HADDOCK, Defendant–
Appellant.**

Nos. 93–3034, 93–3157.

United States Court of Appeals,
Tenth Circuit.

Dec. 13, 1993.

Rehearing Denied March 2, 1994.